# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KYLE FINNELL,<br>Petitioner,<br><br>v.<br><br>WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:17-cv-268<br><br>Barrett, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate currently incarcerated at the Lebanon Correctional Institution, filed a motion for leave to proceed *in forma pauperis* in connection with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 24, 2017. (Doc. 1). Petitioner failed to provide a certified copy of his prison trust fund account statement.

On April 27, 2017, the Court issued an Order requiring petitioner to pay the full $5.00 filing fee or to submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including the "Certificate" page showing the balance of his prisoner account, as well as an attached certified copy of his prison trust fund account statement within thirty (30) days. (*See* Doc. 2). Because petitioner failed to sign the habeas petition submitted to the Court, petitioner was also ordered to sign his habeas petition and return it to the Court within thirty (30) days. Petitioner was advised that "failure to respond to this Order within thirty (30) days may result in the dismissal of this action for want of prosecution." (*Id.* at 2).

To date, more than thirty days after the Court's April 27, 2017 Order, petitioner has failed to respond to the Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to

an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Order issued on April 27, 2017, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 6/12/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KYLE FINNELL,
Petitioner,

v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-268

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).