IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

          Petitioner,     :     Case No. 1:17-cv-268

  - vs -                          District Judge Michael R. Barrett
                                  Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                :

          Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's motion entitled "Prayer for the Record and Prayer to Left Stayed in Abeyance to Address the Jurisdictional." (ECF No. 34).

**Prayer for the Record**

First of all, Petitioner asks the Court to send him a complete record, because "the record in this case was destroyed when a correction officer, at Lebanon Correction institution, was conducting a shake down, in an act of retaliation. See EHB. A, which is marked as inmates· informal complaint." As proof of these facts, Petitioner includes a grievance he filed November 4, 2017, alleging, among other things. that a corrections officer had spilled coffee on his transcript. The grievance was held to be unfounded in the prison grievance appeals system.

The entire state court record as filed in this Court and served on Petitioner in October 2017 comprises 1,376 pages. Petitioner seeks a second copy of the entire record. While the Attorney

1

General is required in a habeas corpus case to furnish a petitioner with a complete copy of the state court record and has done so in this case, the Court is required by the Judicial Conference of the United States to charge for copies at the rate of $.50 per page. The cost for the entire record would be $688. If the Petitioner wishes particular parts of the record, the Clerk will make copies of requested parts at the rate of $.50 per page.

On the other hand, if the correctional facility did destroy some or all of Petitioner's copy of the record, the State, through the Attorney General, should replace it. Respondent's counsel is requested to inquire of the facility whether in fact Petitioner's copy of the State Court Record was destroyed, whether intentionally or inadvertently, by a corrections officer. If so, Respondent's counsel should serve a new copy on Petitioner and make a certificate of that service.

Petitioner's motion for a second copy of the State Court Record is denied.

**Prayer for Continued Stay**

Petitioner also requests that the stay of these proceedings be kept in place to allow a state court decision on what he describes as the "jurisdictional issue."

On June 12, 2018, the Court stayed these proceedings to permit exhaustion of Petitioner's then-pending juror misconduct claim by way of a motion for new trial (ECF No. 19). According to Respondent's most recent status report, there are proceedings pending in the Common Pleas Court of Hamilton County which are set for trial or plea on March 5, 2020.[1] (ECF No. 33)

Even though there are currently proceedings pending in the Common Pleas Court, Petitioner states "there may be a transparent jurisdiction issue that lies in the record that the court

---

[1] The nature of those proceedings is unclear. However, if the judgment which is at issue in this case has been vacated in favor of a new trial, this case may be moot.

of appeals has not addressed." (Motion, ECF No. 34, PageID 1697). As best the Magistrate Judge understands the argument, it is that the court of appeals did not have jurisdiction over some proceeding in the case because the appeal had been taken from what was not a final appealable order. Petitioner's further theory seems to be that the order in question was not a final appealable order because it was entered by a judge who had recused himself, rendering the order void for lack of jurisdiction.[2] Petitioner also asserts he has filed a Petition for Writ of Prohibition in the Supreme Court of Ohio to prevent the court of appeals or the Common Pleas Court from acting without jurisdiction. *Id.* at PageID 1699.

At this point in time, Petitioner has not sought to amend his Petition to include this lack of jurisdiction argument. Nor has he furnished this Court with a copy of his petition in prohibition. Instead of furnishing a copy, Petitioner claims this Court "should take judicial notice of court records that are available online to members of the public. See *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004), citing *Lyons v. Stovall,* 188 F.3d. 327, 332. n.3 (6th Cir. 1999). Petitioner mistakes the scope of judicial notice; it does not mean that a litigant can tell a court to go search for relevant court records without providing a reference as to where they can be found. See Fed. R. Evid. 201.

Under *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), a district court has authority to stay habeas proceedings pending exhaustion of a claim in the state courts, but only if the claim has potential merit which this Court cannot tell without at least seeing the Petition for Writ of Prohibition.

Accordingly, Petitioner's motion to continue the stay pending exhaustion of his lack of jurisdiction claim is DENIED without prejudice to its renewal if Petitioner furnishes this Court

---

[2] If this is not in fact Petitioner's theory, the Magistrate Judge requests Petitioner to spell the theory out in more detail.

with the petition.

February 26, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge