# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,     :     Case No. 1:17-cv-268

- vs -                       District Judge Michael R. Barrett
                              Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                 :

        Respondent.

## DECISION AND ORDER DENYING RELEASE ON PERSONAL OWN RECOGNIZANCE BOND

      This habeas corpus case is before the Court on Petitioner's Motion for Release on a personal own recognizance bond (ECF No. 41).  The Motion relies largely on the existence of the current COVID-19 pandemic and its likely impact on the imprisoned.  However, Petitioner spends many pages discussing the merits of his case as well.

      Petitioner's motion for new trial, as the Magistrate Judge understands it, remains pending in the Common Pleas Court of Hamilton County with a next occurrence date in June 2020, according to Petitioner.

      A district court has authority to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254.  *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964).  However, it is appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits.  *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

1

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers); see *Martin v. Solem,* 801 F.2d at 329-330; *Iuteri v. Nardoza*, 662 F.2d at 161.  There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

The Magistrate Judge accepts as true Finnell's claim that as a prisoner in the Ohio prison system, he is at a higher risk of infection during the pandemic that members of the general population.  But that does not set him apart from everyone else who is incarcerated; he does not provide any facts indicating he is at a higher risk of infection or serious consequences from infection than other prisoners.

Nor has Finnell shown that his right to relief in this case is "clear."

Accordingly, the Motion is DENied.

May 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
