# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,     :    Case No. 1:17-cv-268

  - vs -                       District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                               :

        Respondent.

## DECISION AND ORDER DENYING MOTION EMERGENCY BOND

This habeas corpus case is before the Court on Petitioner's second Motion for Release on a personal own recognizance bond (ECF No. 45) which Petitioner describes as annexed to his prior motion for the same relief (ECF No. 41). Finnell acknowledges that his Motion is a challenge to the conditions of his confinement and that such challenged must ordinarily be brought against state officers in an action under 42 U.S.C. § 1983. In his case, however, he asserts there are no conditions for his continued confinement which will prevent his suffering unconstitutional injury (ECF No. 45 at PageID 1838).

First of all, he alleges his housing in a dormitory-type setting increases his risk of contracting histoplasismosis [sic]. *Id.* He offers no proof.

His second reason for release on bond is that the Hamilton County Court of Common Pleas had not yet decided his motion for new trial. *Id.* at PageID 1840. He then supplements his claim for bond by arguing the merits of his juror misconduct claim, but adding argument about his ineffective assistance of trial counsel claim and complaints about the representation his currently

1

receiving on the new trial motion. *Id.* at PageID 1842-48. He concludes by noting that releasing him would lower his risk of contracting COVID-19 which is increased (he allges) by his suffering from a traumatic brain injury. *Id.* at PageID 1849. It would also decrease his risk of retaliation from the Deputy Sheriff whom he has sued in another action. *Id.* If released, he could get treatment for his traumatic brain injury and help the attorney litigating his new trial motion. *Id.* at PageID 1850-52.

Recognizing the Court's authority to release a habeas petitioner on bond, this Court has previously denied Finnell bond because he did not meet the required standard. (Decision and Order, ECF No. 42, citing *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974); and *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).

Finnell's new filing does not change that result. As the COVID-19 pandemic has progressed since the first of May when the prior Order was entered, it has become less clear that persons confined in penal institutions are in fact at greater risk of infection than persons at liberty. As a member of this Court's Pandemic Executive Team, the undersigned has received bi-weekly reports from the United States Marshal's Service which have indicated a dramatic decrease in infection raised among those incarcerated in Ohio, while the highest daily reported infection number in Ohio occurred during the past week. In addition to COVID-19, Finnell has presented no evidence that he is at increased risk from histoplasmosis from confinement or that he would have superior access to treatment for his traumatic brain injury if released.

The posited ability to assist counsel with the new trial motion, while at least plausible, does nothing to set Finnell apart from any incarcerated person seeking a new trial. Indeed, Judge Ruehlman has already provided Finnell with appointed counsel, which in the Court's experience

is unusual with new trial motions by habeas petitioners.

The Emergency Motion for Bond is therefore DENIED.

October 13, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge