# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,    :    Case No. 1:17-cv-268

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                      :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 46).  The Motion seeks to restrain The Honorable Robert Ruehlman, Judge of the Common Pleas Court of Hamilton County, from continuing to interfere with Petitioner's right to the effective assistance of counsel and in particular to lift a seal Judge Ruehlman has placed on certain filed documents in the underlying criminal case in which Petitioner is presently litigating a motion for new trial.

From reading the attachments to Finnell's Motion the Magistrate Judge has learned that the seal in question specifically allows the release of juror information to Finnell's counsel and that its placement was ordered by the First District Court of Appeals in its remand order.  Thus what Finnell appears to be complaining about is that the juror identification information has not been made available to the general public.  Finnell has not even suggested how that interferes with his right to effective representation.  On that basis alone, the Motion should be denied.

In addition, the Motion seeks injunctive relief against a person who is not a party to this action, Judge Robert Ruehlman.  It would be a gross violation of the Due Process Clause to issue an injunction against a person who was not a party.

Finally, issuing the injunction would place Judge Ruehlman in the untenable position of risking being either in contempt of the First District for disobeying its remand order or in contempt of this Court for not obeying our order.  In the interest of comity with our sister court, Finnell should be required to seek the relief he wants by application to the First District to amend its remand order.

For all of these reasons, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied.

October 13, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.