# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,        :        Case No. 1:17-cv-268

    - vs -                           District Judge Douglas R. Cole
                                   Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                        :

        Respondent.

## ORDER DISSOLVING STAY OF PROCEEDINGS

This habeas corpus case is before the Court to consider whether the stay pending state court adjudication should be continued or dissolved.

On December 16, 2020, the Magistrate Judge entered an Order to Show Cause regarding the stay (ECF No. 55). That Order noted that the case had been stayed for more than two and one-half years awaiting the outcome of a motion for new trial in the Hamilton County Court of Common Pleas. From the Status Reports filed by Respondent, the Magistrate Judge concluded that for at least the last year, continuances had been entered at Petitioner's request.

In his Response to the Show Cause Order, Petitioner insists it is not he, but the Common Pleas Court and/or Mr. Bicknell who has sought these continuances (ECF No. 56, PageID 2056). As a reason for continuing the stay, Petitioner cites the ongoing COVID 19 pandemic, which he says has resulted in restrictions on his access to legal materials. *Id.*

1

**Proceedings Upon Transfer of the Magistrate Judge Reference**

The Magistrate Judge reference of this case was transferred to the undersigned June 12, 2018 (ECF No. 18). At the time of transfer there were several pending motions.

Finnell asked the Court to set a time for him to file a reply (ECF No. 13). The undersigned noted that Magistrate Judge Litkovitz had already set a deadline which had expired November 13, 2017, without Finnell's ever filing a reply and Finnell's Motion to Set A Date was therefore moot (Decision and Order on Pending Motions, ECF No. 19, PageID 1517). Finnell has never objected to that Order, sought relief from that Order, or tendered a reply for filing.

Finnell's second motion was to expand the record (ECF No. 14). In denying that Motion, the Magistrate Judge noted that Finnell had not identified any materials to be added to the record. Because the substance of the Motion instead appeared to intend an amendment of the Petition, the Magistrate Judge denied the Motion to Expand. The Order also noted [i]f Petitioner's intention is to add a new claim to his Petition (which is the way Respondent's counsel reads the Motion), he must file a motion to amend under Fed. R. Civ. P. 15, setting forth the new claim (ECF No. 19, PageID 1517). Finnell never objected to this decision, nor has he sought to amend his Petition.

Finnell's third motion was to hold this case in abeyance until he had exhausted state court remedies, without specifying what those remedies might be (ECF No. 17). Respondent opposed that motion on the grounds that the extant Petition was not "mixed," containing both exhausted and unexhausted claims, and that Respondent had not raised an exhaustion defense (Memo. in Opp., ECF No. 17).

In granting the Motion to Hold In Abeyance, the Magistrate Judge noted that Respondent was correct that the extant Petition was not mixed. However, the Order also notes that the First

District Court of Appeals had vacated in part and reversed in part, on ineffective assistance of trial counsel grounds, the Common Pleas Court's denial of Finnell's motion for new trial on a claim of juror misconduct (Order, ECF No. 19, PageID 1517, citing *State v. Finnell*, 2018-Ohio-564 (1st Dist. Feb. 14, 2018). Because the Magistrate Judge found Finnell intended ultimately to litigate his juror misconduct claim in habeas if he was unable to obtain relief in the state courts, he granted the Motion to Hold in Abeyance, finding it fit within the holding of *Rhines v. Weber*, 544 U.S. 269 (2005), and was necessary to prevent Finnell's juror misconduct claim from being barred under the second or successive doctrine if he raised it later when his state court new trial were completed (ECF No. 19).

**Chronology of the Case Since the Stay**

On June 14, 2018, Finnell moved to be allowed to represent himself in the new trial proceedings (Status Report, ECF No. 20-1, Ex. C.) On September 21, 2018, the trial court authorized the state to release to defense counsel the transcripts of juror interviews resulting from the state's investigation of perceived juror intimidation by defendant. (ECF No. 22, Ex. A). On January 2, 2019, the Respondent reported that the case had been continued until January 16, 2019, although the reason for the continuance was not reported (Fourth Status Report, ECF No. 23). Respondent's Fifth Status Report shows the case was reassigned to The Honorable Robert Ruehlman who has authorized release of juror information to defense counsel (Fifth ECF No. 25).

Respondent's Sixth Status Report shows the proceedings had again been continued at Finnell's request and then his defense counsel Thomas Raisbeck was permitted to withdraw (Sixth ECF No. 26). The Seventh Status Report shows the appointment of Timothy Bicknell as defense

counsel (ECF No. 28). The Eighth Status Report shows two more continuances "for plea or trial," both at the request of Defendant and signed by Attorney Bicknell (ECF No. 29). The Ninth Status Report shows two additional continuances at Finnell's request (ECF No. 31). The Tenth Status Report echoes this theme: two more continuances at Finnell's request (ECF No. 32). The Eleventh Status Report reflects two more continuances at Finnell's request (ECF No. 33).

On February 25, 2020, Finnell filed a motion to "left" the stay to have the state court address jurisdictional issues (ECF No. 34). The Motion was denied without prejudice because (1) lack of trial court jurisdiction was not a pleaded claim and (2) Finnell had not furnished this Court with a copy of his Petition in prohibition which sought to place the jurisdictional issues before the state courts (ECF No. 35). Finnell responded by filing papers from the prohibition case which showed, inter alia, that the Supreme Court of Ohio had dismissed that case (ECF No. 36, PageID 1722).

Finnell then filed a Motion to Vacate Void Judgments (ECF No. 38). The Magistrate Judge denied the Motion (ECF No. 39) and Finnell did not object. Respondent's Twelfth Status Report showed a further continuance until August 2020 (ECF No. 40). The Magistrate Judge next denied Finnells's motion for Release on an own recognizance bond based on COVID 19 (ECF No. 42). The Thirteenth Status Report shows a continuance of the new trial proceedings until June 16, 2020, this time on the court's order but with the concurrence of Attorney Bicknell (ECF No. 43).

On October 11, 2020, Finnell filed a Motion for Preliminary Injunction to compel Judge Ruehlman to release the juror information to him personally (ECF No. 46). The Magistrate Judge recommended denying the motion because Judge Ruehlman was not a party and because the First District Court of Appeals had ordered that the juror information be released to counsel but under seal (Report, ECF No. 50). Despite notice of his right to object, Finnell did not do so.

The Warden's Fourteenth Status Report, filed August 11, 2020, shows a further continuance to August 7, 2020, by the court *sua sponte* because of the COVID 19 shutdown. Attorney Bicknell concurred in the continuance (ECF No. 44). The Warden's Fifteenth Status Report shows the new trial proceedings had been continued twice at the request of the Defendant Finnell, but were set for hearing on November 30, 2020 (ECF No. 51). Finally, the Warden's Sixteenth Status Report shows a continuance to January 5, 2021, again at Finnell's request.

## Analysis

Petitioner claims he is not responsible for the delay of the new trial proceedings, but as the foregoing review of the record shows, all of the continuances have been granted on Attorney Bicknell's request except for the few occasions where he concurred in a *sua sponte* continuance. Finnell has not disclosed to this Court his communications with Attorney Bicknell about the timing of the new trial proceedings, so this Court must rely on the face of the record. Because Bicknell is Finnell's attorney, Finnell must be held accountable for his acts or omissions. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993); *Link v. Wabash R. Co.,* 370 U.S. 626 at 633-634 (1962). Although Bicknell was appointed as counsel because Finnell is indigent, Finnell has neither sought to have him replaced nor to return to his *pro se* status in the Common Pleas Court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized district court authority to stay habeas proceedings to permit exhaustion of state court remedies. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a

> petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

While good cause may have existed for a stay at the time it was entered, at has long since evaporated. As the Warden noted at the time, the Petition does not include any unexhausted claims and Finnell has never sought to amend his Petition to include any new claims, including his juror misconduct claim. Because Finnell is responsible for most of the trial court continuances, the Court concludes he has engaged in "intentionally dilatory litigation tactics" which is contrary to *Rhines*. Finnell's claim that he cannot litigate the case because of COVID 19 restrictions is belied by the many filings he has made since the pandemic began to affect Ohio (See ECF Nos. 38, 41, 45, 46, 47, and 48).

Accordingly, the stay of these proceedings is DISSOLVED and the Magistrate Judge will render a report and recommendations on the basis of the record as already filed (Petition, State Court Record, and Return of Writ).

6

IT IS SO ORDERED.

January 19, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge