# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

     Petitioner,     :  Case No. 1:17-cv-268

  - vs -          District Judge Douglas R. Cole
               Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

             :

     Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS; DECISION
# AND ORDER DENYING MOTION TO AMEND

---

This habeas corpus case is before the Court on District Judge Cole's Order (ECF No. 67) which recommitted to the Magistrate Judge Petitioner's Objections (ECF Nos. 63 and 66) to the Magistrate Judge's Order dissolving the stay of proceedings (ECF No. 57) and Petitioner's Objections (ECF No. 65) to the Magistrate Judge's Report and Recommendations (ECF No. .58) recommending the Petition be dismissed with prejudice.

**Dissolving the Stay**

This case was filed April 24, 2017 (Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 1). The Return of Writ and State Court Record were complete in October 2017 (ECF Nos. 11 & 12). In ordering an answer, Magistrate Judge Litkovitz, set a reply date of twenty-one days after the Return of Writ (ECF No. 6, PageID 44-45). A week before

1

the reply was due on November 12, 2017, Petitioner requested that a reply date be set (ECF No. 13). That Motion has not been ruled on at the time the Magistrate Judge reference was transferred to the undersigned on June 12, 2018 (ECF No. 18), but the undersigned entered an Order the same day finding the motion moot because a reply date had already been set (ECF No. 19).

In the meantime, however, Finnell had filed a Motion to Hold in Abeyance (ECF No. 16) pending conclusion of his proceedings on remand in the Hamilton County Court of Common Pleas. The Magistrate Judge granted that Motion on June 12, 2018, and ordered regular status reports (ECF No. 18).

On February 25, 2020, Finnell moved to maintain the stay "to address the threshold jurisdictional issue and to sends [sic] a complete record, because the record in this case was destroyed when a correction officer, at Lebanon Correction institution, was conducting a shake down, in an act of retaliation." (ECF No. 34, PageID 1697). Asked for substantiation of any pending jurisdictional challenge, Finnell reported that he had filed a petition for writ of prohibition in the Supreme Court of Ohio on the "threshold jurisdictional issue" which had been dismissed October 16, 2019 (ECF No. 36, PageID 1708). In other words, the prohibition action had been dismissed four months before Finnell offered it as a basis for a continued stay.

The case continued through a number of additional status reports, motions for release on bond, and a motion for temporary injunctive relief. Finally, reviewing the case history including sixteen status reports by Respondent, the Magistrate Judge entered a Show Cause Order, finding:

> As best the Magistrate Judge can determine, these Reports reflect
> that for at least the last year, Petitioner's Motion for New Trial

> before Judge Ruehlman has been continued at Finnell's request. No
> showing has been made to this Court of why Finnell has delayed
> resolution of the Motion for New Trial on the merits.

(ECF No. 55).  Finnell's Response accused his state court lawyer, Timothy Bicknell, and Common

Pleas Judge Ruehlman of conspiring to keep him imprisoned (ECF No. 56, PageID 2076).

Reviewing in detail the case history, the Magistrate Judge then dissolved the stay,

concluding:

> While good cause may have existed for a stay at the time it was
> entered, at has long since evaporated. As the Warden noted at the
> time, the Petition does not include any unexhausted claims and
> Finnell has never sought to amend his Petition to include any new
> claims, including his juror misconduct claim. Because Finnell is
> responsible for most of the trial court continuances, the Court
> concludes he has engaged in "intentionally dilatory litigation
> tactics" which is contrary to *Rhines*. Finnell's claim that he cannot
> litigate the case because of COVID 19 restrictions is belied by the
> many filings he has made since the pandemic began to affect Ohio
> (See ECF Nos. 38, 41, 45, 46, 47, and 48).

(Order, ECF No. 57).  It is to this Order that Finnell has now objected twice (ECF Nos. 63 & 66).

In his first objection, styled as  a motion for extension of time to object, Finnell states he

needs to keep the stay in place because otherwise a later challenge to raise his juror misconduct

claim will be a second or successive habeas application (ECF No. 63, PageID 2500).   The

Magistrate Judge granted his extension request and he then filed his Objection to Order Dissolving

Stay (ECF No. 66).

In his second filing, he complains he has been denied access to the courts because of the

COVID 19 pandemic (ECF No. 66, PageID 2562).  He also complains that he has not been

furnished with a second copy of the State Court Record. *Id.* at PageID 2564.  The balance of the

Objections are actually arguments on the merits of the petition and will be addressed below.

As the Magistrate Judge has previously noted, the existence of the pandemic, resulting in

necessary adjustments by everyone for the past year, has not prevented Finnell from making numerous and voluminous filings in the last year. As to the supposed destruction of his copy of the State Court Record by spilling a cup of coffee on it, a prison investigation concluded his grievance was unfounded and he waited more than three years to complain to this Court about it.

More importantly, Finnell has not objected to the central reasons for dissolving the stay.

His Motion for New Trial is before the Common Pleas Court on remand from the First District Court of Appeals and he is represented by counsel. He has been granted at least some discovery on his juror misconduct claim. He has presented nothing from his attorney to show reasons for the many continuances over the past year. If that Motion is eventually granted, this case will become moot because the judgment of conviction will have been vacated. If the motion for new trial is denied both at the trial and appellate levels, it appears to the Magistrate Judge that a new habeas petition challenging that new judgment will not be second or successive because it will depend on a judgment that did not exist during the pendency of the present petition. See *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010) (quoting *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)). Instead, for example, "where . . . there is a new judgment intervening between . . . two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341-42; *see also, e.g., Panetti*, 551 U.S. at 944-45 (explaining that a second-in-time habeas petition is not second or successive if the claim(s) it raises would have been unripe at the time of the first petition).

Petitioner's Objections to the Order Dissolving Stay are therefore not well-founded and should be overruled.

**Objections to Report on the Merits**

Also pending and recommitted is the Magistrate Judge's Report recommending the Petition be dismissed (ECF No. 58).

In Ground One Finnell complains of the admission against him of "other bad acts" evidence.  The Report concluded this Ground for Relief was without merit and also procedurally defaulted for lack of contemporaneous objection (Report, ECF No. 58, PageID 2091-95).

Finnell first objects that the First District's decision on this issue should be afforded no weight because it was reviewing a judgment that was not a final appealable order (Objections, ECF No. 65, PageID 2505).  Because of that issue, he says he wishes to amend his Petition to add a subject matter jurisdiction claim, his juror misconduct claim, and the claims he exhausted in his application for reopening his direct appeal under Ohio R. App. P. 26(B). *Id.* at PageID 2505-06. On that issue, see the section labeled Motion to Amend, *infra*.

Finnell makes no response to either the merits or the procedural default conclusion as to Ground One.  The Report should therefore be adopted as to that Ground.

In Ground Two, Finnell claims his conviction is against the weight of the evidence and supported by insufficient evidence.  The Report concluded the weight of the evidence claim was not cognizable in habeas corpus (ECF No. 58, PageID 2095, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)).  Finnell does not object to that conclusion directly, although at other points in his Objections he makes "weight of the evidence" sorts of arguments..

The Report also concluded that the First District's decision on the sufficiency of the evidence claim was entitled to deference under 28 U.S.C. § 2254(d)(1) because it was an

objectively reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979)(ECF No. 58, PageID 2095-2100).   Finnell objects that somehow the Sixth Amendment makes *Jackson* inapplicable (Objections, ECF No. 65, PageID 2506-09).   Finnells' argument seems to be that, based on his juror misconduct claim, the jury that heard the evidence was not impartial.

The Magistrate Judge has no quarrel with the proposition that the Sixth Amendment entitles a criminal defendant to an impartial jury.   But in deciding whether the evidence was sufficient, the First District was not deciding the juror misconduct claim.   Rather, it was applying *Jackson* which required it to decide if the evidence presented was sufficient to persuade a reasonable juror (i.e., one not biased) of guilt.   For the reasons the First District gave, its opinion is entitled to deference.

As noted above, Finnell makes many of his objections as to the Report in the document apparently directed at the stay.   Those arguments are considered here.

Finnell begins by addressing Ground Three, ineffective assistance of trial counsel (Objections, ECF No. 66, PageID 2565 et seq.)   Finnell makes two subclaims **a)** counsel[1] failed to obtain affidavits or subpoena the juror for the hearing on his motion for new trial and **b)** counsel failed to object to hearsay and other acts of testimony.    The Report noted that he had already received relief on the first sub-claim when the First District reversed denial of his new trial motion on this basis (ECF No. 58, PageID 2100).   The Report also concluded the second sub-claim was without merit because the First District had held any objections would have been without merit. *Id.* at PageID 2102.

Finnell's Objections say nothing about the first sub-claim.   As to the second sub-claim he makes an argument about the jury losing its way that sounds like a manifest weight argument (ECF No. 66, PageID 2566-67).   That obviously is not the point.

---

[1] I.e. the attorney who tried the case, not the attorney presently representing him on the new trial motion now pending.

Finnell then proceeds to Ground Two, weight and sufficiency of the evidence. *Id.* at PageID 2568-72. He argues these claims by repeating his argument about juror misconduct, which again is beside the point.

Finnell then proceeds to argue a verdict inconsistency point, specifically citing to PageID 122. The verdict in question, which appears in the State Court Record at that place (ECF No. 11, Ex. 10, which Finnell plainly cites, but says he does not have), found him not guilty of having a firearm while committing the offense of intimidating a witness. This does not create an inconsistency with the verdict finding him guilty of possessing a firearm while under a disability because there were two separate incidents involved: the home invasion and the later witness intimidation. Then he writes that the firearm was inoperable. But neither of these claims is made in the Petition and claims cannot be added in Objections. See *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), holding a district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). *A fortiori* claims cannot be added in objections to a report and recommendations on the merits.

Finnell asks the Court to consider an appended typewritten document. It is captioned in this case and labelled "Responds to Writ" (State Court Record, ECF No. 66, PageID 2583). On the title page he begins an argument purportedly about subject matter jurisdiction but actually about juror misconduct. In it he expressly states that the trial court's denial of his motion for a new trial was a final appealable order[2]. *Id.* at PageID 2584. Finnell then proceeds to argue the merits of some of his claims for a total of twenty pages, concluding with an unsigned Certificate of Service which is incompletely dated "December ___, 2017." *Id.* at PageID 2603. A review of the docket shows this document, although apparently prepared in December 2017, has never before

---

[2] Of course the First District treated it as a final appealable order and vacated that order, remanding the case for the proceeding now before the Hamilton County Common Pleas Court.

been filed in the case. The document is not structured in any way to proffer objections on the merits or to the dissolution of the stay.

**Motion to Amend**

Embedded in Finnell's Objections on the merits (ECF No. 65) is a Motion to Amend and Supplement (ECF No. 65-1).

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United*

*States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

After preliminaries, Finnell proceeds to argue his "subject matter jurisdiction" claim (ECF No. 65-1, PageID 2514, *et seq.*). He summarizes the claim as follows: "Petitioner challenges the jurisdict[ion] of the Court of Appeals due to the Motion for New Trial still pending in the trial court." *Id.* at PageID 2515.

Finnell moved for a new trial within the time allowed by Ohio Crim. R. 33, then appealed from both denial of that Motion and the conviction together (Appellant's Brief, State Court Record, ECF No. 11, Ex. 23). Denial of the new trial motion was the third assignment of error which the First District granted, vacating the order that denied the motion and remanding for decision on the new trial motion, the proceeding that remains pending. *State v. Finnell*, 2015-Ohio-4842, ¶ 77 (1st Dist. Nov. 25, 2015). When he appealed to the Supreme Court of Ohio, Finnell made no argument that the First District was not permitted, as a matter of jurisdiction or otherwise, to split its decision between those assignments of error it granted and those it overruled.

Finnell cites Ohio law to the effect that while a motion for new trial is pending, an Ohio court of appeals has no jurisdiction to hear an appeal (Objections, ECF No. 65-1, PageID 2516).

But here the decision on the motion for new trial was final when Finnell was granted the delayed appeal he requested. It is not yet final on remand, but it was final at the time the First District vacated the new trial order and remanded that issue.

Because Finnell's subject matter jurisdiction claim is without merit, it could not withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and the amendment to add the claim is therefore futile.

Finnell next seeks to add his juror misconduct claim (Objections, ECF No. 65-1, PageID 2518, *et seq*.). For reasons already given, that claim is not yet ripe for decision because Finnell has not exhausted his available state court remedies. The juror misconduct claim is presently pending before the Hamilton County Common Pleas Court in the remanded motion for new trial. If that court decides this issue favorably to Finnell, this case will become moot because the original judgment will be vacated before a new trial can be held[3]. If that court decides the issue against Finnell, he will of course have a right to appeal again to the First District. There is no need to amend the Petition now to add this claim.

Next Finnell seeks leave to amend to include the issues raised in his Application for Reopening his Direct Appeal under Ohio R. App. P. 26(B)(Objections, ECF No. 65-1, PageID 2519). Those issues are 1) trial court error in allowing joinder of the two indictments for trial; 2) trial court error in not charging the jury on joined offenses; and 3) deprivation of the effective assistance of [trial] counsel. *Id.*

When he filed his 26(B) Application, Finnell appropriately structured these claims as omitted assignments of error, required to be included for appellate counsel to have provided effective assistance (26(B) Application, State Court Record, ECF No. 11, Ex. 29). The First

---

[3] Of course if a new trial is granted, the State will have a right to appeal.

District denied the Application for Reopening because it was untimely. *Id.* at Ex. 31.  When Finnell

appealed to the Supreme Court of Ohio, he said as to the timeliness issue:

> In this case, the court of appeals in its decision making rationalized
> that the appellant was late filing his 26(B)(l) pursuant m 26(A) and
> 26(b)(2). In-fact when taken in totality such a ruling implies a
> miscarriagc of justice to a degree that alters the definition of a fair
> and impartial trial that should shock. the conscious [sic] of this
> court. where the actions of trial counsel, and the abuse of appeals
> court discretion disrupts the authoritative annals of state and federal
> precedence, that led to a verdict wholly inappropriate based on the
> trial courts actions and ineffective assistance of counsel.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 36, PageID 325).

The record shows that the decision of the First District on direct appeal was entered

November 25, 2015.  *Finnell I.* Finnell's Application for Reopening was filed February 24, 2016

(Application, State Court Record, ECF No. 11, Ex. 29, PageID 251).  Finnell's Application for

Reopening was, then, untimely filed.  In denying the Application, the First District noted it was

under direction of the Supreme Court of Ohio to enforce strictly the time limit provided by Rule

26(B) and that Finnell has not offered any excuse for late filing (Entry, State Court Record, ECF

No. 11, Ex. 31).

In denying Finnell's Application for Reopening, the First District was enforcing an Ohio

procedural rule which has repeatedly been held to be an adequate and independent basis for a state

court decision.  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479,

488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*,  281 F.3d 568 (6th

Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL

2586439 (6th Cir. 2009).

Since 1996, "Ohio law has provided sufficient guidance on what constitutes a 'good cause'

for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly

11

established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.* Because Finnell procedurally defaulted in presenting his ineffective assistance of appellate counsel claims to the Ohio courts, it would be futile to allow an amendment to add them to his habeas corpus petition now. The Magistrate Judge also notes that the motion to amend is itself grossly untimely: these claims were available to Finnell when he first filed in April 2017.

Finnell follows with a claim that this Court has denied him sufficient time to brief his claims (Objections, ECF No. 65-1, PageID 2520, *et seq.*). He then describes what he understands to be the usual process in habeas corpus cases. He adverts to a footnote 2 in which an Institutional Inspector allegedly says something about an "ongoing problem," but does not tell the Court where to find footnote 2. *Id.* at PageID 2523-24. He quotes opinions of Justices Holmes and McReynolds from *Moore v. Dempsey*, 261 U.S. 86 (1923), with no appreciation of how much habeas corpus practice has changed since then, particularly with the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Despite his earlier arguments about subject matter jurisdiction, he again argues that the order originally denying his motion for a new trial was a final appealable order (ECF No. 65-1, PageID 2527). But that is precisely how the First District treated it.

Petitioner's Motion to Amend either seeks to add claims that are without merit (subject matter jurisdiction), not yet ripe (juror misconduct), or barred by procedural default (26(B) claims). Because the amendment would be futile, it is DENIED.

12

**Conclusion**

The Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 3, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #