IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,      :      Case No. 1:17-cv-268

- vs -      District Judge Douglas R. Cole
      Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

      :

        Respondent.

## DECISION AND ORDER DENYING PETITION

This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell, is before the Court on Finnell's "Petition to Challenge Subject Matter Jurisdiction", filed November 30, 2021 (ECF No. 89). In general, Finnell seeks to obtain relief from his July 1, 2014, convictions in the Hamilton County Court of Common Pleas in that court's cases B-1305265-B and B-1306715 (Petition, ECF No. 7, PageID 46).

The case is currently pending decision by District Judge Cole on Finnell's Objections (ECF Nos. 65 & 73) to the Magistrate Judge's pending Reports and Recommendations recommending dismissal of the case (ECF Nos. 58 & 68). It is also currently pending Judge Cole's decision on Finnell's Objections to the Order Dissolving Stay (ECF No. 66) and to the Order Denying a Renewal of the Stay (ECF No. 83).

Finnell's Petition was filed in this Court April 24, 2017, but not docketed until June 22, 2017 (ECF No. 1). The Warden's Return of Writ does not challenge the timeliness of the Petition, so the Court will treat it as timely filed for purposes of the instant Petition.

1

In his instant Petition, Finnell seeks to adds a claim that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him.  While Finnell labels his filing a "petition," it is functionally a motion to amend:  Finnell has not filed it as a new case[1], but in his existing habeas corpus case.

A habeas corpus petition may be amended by complying with the procedure for amendment of a civil complaint.  28 U.S.C. § 2242.  The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    See also *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6).  *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983);

---

[1] If Finnell intended this to be a new case, this Court would not have jurisdiction to consider it without prior authorization from the Sixth Circuit under 28 U.S.C. § 2244(b) because it would be a second or successive petition. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

2

*Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*. Denial of a motion for leave to amend the complaint generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed de novo. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

Finnell's requested amendment is futile because it is barred by the statute of limitations. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Finnell's conviction obviously became final years ago and none of the other provisions of § 2244 apply. The pendency of this habeas corpus action does not toll the time under 28 U.S.C. § 2244(d)(2) because it is not a state application for collateral review. *Duncan v. Walker,* 533 U.S. 167 (2001).

Accordingly, Finnell's Petition to add a claim that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try him is DENIED.

December 1, 2021.

>                                                            s/ *Michael R. Merz*
>                                                          United States Magistrate Judge