IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,        :        Case No. 1:17-cv-268

  - vs -                              District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                      :

        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION ON "PETITION TO CHALLENGE SUBJECT MATTER JURISDICTION"

This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell, is before the Court on Finnell's "Petition to Challenge Subject Matter Jurisdiction," filed November 30, 2021 (ECF No. 89). Treating the Petition as a motion to amend, the Magistrate Judge denied the Petition ("Decision," ECF No. 90). Finnell has now objected (ECF No. 91) and District Judge Cole has recommitted the matter for reconsideration in light of the Objections (ECF No. 92).

Finnell was convicted July 1, 2014, in the Common Pleas Court of Hamilton County in that court's cases B-1305265-B and B-1306715 (Petition, ECF No. 7, PageID 46). He filed his Petition in this Court April 24, 2017, and the Warden did not raise a statute of limitations defense. The Decision therefore treated the Petition as timely (ECF No. 90, PageID 2888). However the Magistrate Judge denied the Subject Matter Jurisdiction Petition upon concluding it was barred by the statute of limitations (28 U.S.C. § 2244(d)) because it challenged a conviction that "obviously became final years ago. . . ." *Id.* at PageID 2891.

1

Finnell objects that his conviction has not become final even now because the trial judge lacked subject matter jurisdiction:

> In challenging this courts R and R[1], petitioner respectfully move to objecting to the fact this conviction has not became final years ago ...And that simply is the point here. in this case at bar. If a court (Trial Judge) has no [J]urisdiction over the SUBJECT MATTER to entertain, over an issue, conviction than obviously one has not became final years ago.

(Objections, ECF No. 91, PageID 2893).

**Litigation History**

To assess Finnell's claims, the history of the case must be reviewed. Finnell was indicted in Case No. B-1305265 by a Hamilton County grand jury in September 2013 in connection with a home invasion that occurred in June 2012. Finnell was subsequently indicted in Case No. B-1306715 for attempting to intimidate a witness in the home invasion case. A trial jury found Finnell guilty on July 1, 2014 (Verdicts, State Court Record, ECF No. 11, Ex. 10).

On July 9, 2014, Finnell moved for a new trial. *Id.* at Ex. 12. On July 18, 2014, pursuant to Hamilton County Local Rule of Practice 7(E), Judge Jerome Metz, who had tried the case, found himself to be disqualified from deciding the Motion for New Trial. *Id.* at Ex. 13. The Presiding Judge of the Common Pleas Court, Judge Ethna Cooper, ordered that the new trial motion be heard and decided by the presiding criminal judge, Melba Marsh. *Id.* The Entry of Disqualification is quite explicit; it pertains only to the new trial motion and Judge Metz is to remain assigned to the case for

---

[1] Finnell refers to the Decision as an "R & R." As the Decision recites, a motion to amend is a non-dispositive pretrial motion on which a Magistrate Judge may act, rather than making a recommendation for action. A party's time to object is the same regardless and Finnell's Objections were timely filed.

all other proceedings. *Id.* Judge Metz sentenced Finnell to an aggregate sentence of thirty-four years imprisonment.

Finnell appealed to the First District Court of Appeals. That court affirmed the convictions, but remanded for incorporation of the required consecutive sentencing findings in the judgment. *State v. Finnell*, 2015-Ohio-4842 (1st Dist. Nov. 25, 2015)("*Finnell I*"). The court vacated the denial of a new trial "because it was issued by the judge who presided over the trial, but who had recused himself from disposing of the motion. We remand the cause for the presiding criminal judge to consider the motion, in accordance with the recusal entry." *Id.* at ¶ 2. On remand Judge Metz made the required consecutive sentencing findings (Judgment Entry of Dec. 14, 2015, *nunc pro tunc* for July 30, 2014; State Court Record, ECF No. 11, Ex. 38).

On April 14, 2016, Finnell, proceeding *pro se*, filed a motion to proceed to judgment on the new trial motion before Judge Marsh. *Id.* at Ex. 39. Between then and July 26, 2016, Finnell was apparently appointed counsel, because Attorney Michaela Stagnaro filed a motion on his behalf to disclose juror information. *Id.* at Ex. 40. The new trial motion was also reassigned to Judge Beth Myers. *Id.* at Ex. 43. Judge Myers denied both the motion to disclose juror information and the motion for new trial. *Id.* at Exs. 43 and 44.

Finnell, represented by new counsel, again appealed. *Id.* at Ex. 47. The First District reversed the trial court's denial of the release of juror information on ineffective assistance of trial counsel grounds. *State v. Finnell*, 2018-Ohio-564 (1st Dist. Feb. 14, 2018)("*Finnell II*"). The remanded new trial proceedings remained pending in the Hamilton County Court of Common Pleas on January 25, 2021, the date the Report and Recommendations on the merits was filed in this case. So far as the Magistrate Judge is advised, the new trial motion still remains pending nearly a year later.

# Analysis

**First Claim:  Trial Judge Lacked Subject Matter Jurisdiction**

Finnell's first claim is that the trial judge lacked subject matter jurisdiction (Objections, ECF No. 91, PageID 2893).  Finnell does not even begin to argue why this would be so and the Magistrate Judge finds no merit in the claim.  Finnell was indicted for felony offenses that occurred in Hamilton County, Ohio, and brought before the Common Pleas Court of that county, pursuant to a warrant on the indictment, to answer those charges (Indictments, State Court Record, ECF No. 11, Exs. 1 & 2).  In Ohio the Common Pleas Court is the court with general jurisdiction to try felony offenses. Ohio Common Pleas courts are courts of general jurisdiction, which means they have authority to decide their own jurisdiction in the first instance.  *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949).  Finnell never until now challenged the jurisdiction of the Hamilton County Court of Common Pleas to try this case.

There is also no question that Judge Jerome Metz was at the time of trial a duly qualified and acting Judge of the Hamilton County Court of Common Pleas.  Although Finnell later successfully challenged the authority of Judge Metz to rule on his motion for new trial after Judge Metz had disqualified himself pursuant to Local Rule, he has never, until now, challenged Judge Metz's authority to exercise the subject matter jurisdiction of the Hamilton County Court of Common Pleas to try the case.

Lack of jurisdiction in a trial court is a valid basis for habeas corpus relief.  See *Ex parte*

*Lange*, 85 U.S. (18 Wall.) 163 (1873); *Ex parte Siebold*, 100 U.S. 371 (1880).  If Finnell had pleaded lack of subject matter jurisdiction in his Petition, the Court would have considered the claim on the merits and rejected it for the reasons just given.[2]

In denying the Subject Matter Jurisdiction Petition, the Magistrate Judge refused to allow Finnell to obtain a decision on the merits of his claim that Judge Metz and/or the Hamilton County Court of Common Pleas lacked subject matter jurisdiction because the claim is barred by the statute of limitations (Decision, ECF No. 90, PageID 2891).  That statute, 28 U.S.C. § 2244(d), created a one-year statute of limitations on habeas cases with the statute running from the latest of four dates.

The default start date in § 2244(d)(1) is the date on which a conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."  In Ohio direct review consists of an appeal of right to the relevant regional court of appeals and then discretionary appeal to the Supreme Court of Ohio.  If a constitutional claim is involved, a criminal defendant who is denied relief in the Ohio Supreme Court can seek review by the United States Supreme Court on a writ of certiorari. 28 U.S.C. § 1257.  Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); *see also Clay v. United States*, 537 U.S. 522 (2003)(as to § 2255), *Lawrence v. Florida*, 549 U.S. 327 (2007)(indicating *Clay* analysis would also apply to § 2244).  In this case Finnell did not seek certiorari review in the United States Supreme Court, so his conviction became "final" under § 2244(d)(1) on the last day he could have sought such review.  The Ohio Supreme Court declined jurisdiction April 20, 2016.  *State v. Finnell*, 145 Ohio St.3d 1445 (2016).  The ninetieth day after April 20, 2016, was July 19, 2016.  That is the date Finnell's conviction became final under 28

---

[2] As explained above, the claim has no merit.  If it had been properly pleaded, the Magistrate Judge would have recommended dismissal on that basis.

U.S.C. § 2244(d)(1) and the statute of limitations began to run, expiring one year later on July 19, 2017, more than four years before he sought to add his lack of subject matter jurisdiction claim. Finnell offers no analysis of why that calculation is wrong or any authority for tolling the statute after it began to run.  It simply is not the law that subject matter jurisdiction claims are exempt from the statute of limitations.

**Second Claim:  The First District Court of Appeals Lacked Subject Matter Jurisdiction**

In his Objections, Finnell makes another brand-new claim about jurisdiction:

> Moreover, the Court of appeals was without Jurisdiction to entertain APPEAL NOS. C-140547, and C-140548, for there was not yet a final appealable order, which, in turn, divested any court of jurisdiction.  Before, the recusal entry, and thereinafter. O.R.C. 2953.05 and AQ.p. R. 4(B), made petitioner appeal premature ....
> *State v. Soward,* 47 Ohio App. 2d 59 [(8th App. Dist. 1975)]

(Objections, ECF No. 91, PageID 2894).  Finnell misreads *Soward* which holds that an appeal taken while a motion for new trial is pending is premature and the court of appeals lacks jurisdiction to decide the appeal.  That is not what happened here.  Finnell appealed separately from his conviction and from denial of his motion for new trial; the First District consolidated the appeals for decision (Opinion, State Court Record, ECF No. 11, Ex. 25, ¶ 1, referring to the two separate judgments from which appeal was taken).

**Third Claim:  Violation of the Sixth Amendment**

In the final section of his Objections, "Plaintiff argues that it is undisputed and acknowledged that his Sixth Amendment right to counsel was violated by the state court that is

refusing to retry him." (ECF No. 91, PageID 2896). Again this is another new claim that is not part of the original Petition. It is certainly not the case that it is undisputed that Finnell's Sixth Amendment rights have been violated by the State's refusal to retry him. In fact the State has not yet refused to re-try him because his motion for new trial remains pending in the Common Pleas Court; there is as yet no final appealable order on that motion and there is no juror misconduct claim pending in this case.

**Conclusion**

Upon reconsideration, the Magistrate Judge concludes Finnell's Objections are without merit and should be overruled.

December 15, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
