# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,      :    Case No. 1:17-cv-268

  - vs -                          District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                        :

        Respondent.

## DECISION AND ORDER DENYING SECOND PETITION TO CHALLENGE SUBJECT MATTER JURISDICTION

       This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell, is before the Court on Finnell's "Petition to Challenge Subject Matter Jurisdiction", filed March 17, 2023 (ECF No. 100). Although not labeled as such by him, this is Petitioner's second Petition to Challenge Subject Matter Jurisdiction.

       The first was filed November 30, 2021 (ECF No. 89). The Magistrate Judge treated that Petition as the functional equivalent of a motion to amend to add a claim for relief and denied it because it was barred by the statute of limitations (Decision and Order Denying Petition, ECF No. 90). On Petitioner's Objections (ECF No. 91) District Judge Cole recommitted the matter to the undersigned (ECF No. 92). The undersigned filed a Supplemental Memorandum Opinion dealing with the Objections (ECF No. 93). Those Objections remain pending for Judge Cole's consideration. To the extent the instant Petition appears to object further to the Magistrate Judge's

1

prior decisions, it is very untimely, well outside the fourteen days allowed for objections, and should be stricken on that basis.

To the extent this Second Petition is a renewal of Finnell's effort to add a new claim that the Hamilton County Common Pleas Court did not have subject matter jurisdiction to try the case, the Second Petition is DENIED on the same basis as the first, to wit, that it is barred by the one-year statute of limitations in 28 U.S.C.§ 2244.

On the merits of the Petition, Finnell relies on *In re Dellenbaugh*, 62 Ohio St. 658 (1900). That citation brings up only a *per curiam* affirmance without opinion.

Finnell also cites to *United States v. Amerine*, 411 F.2d 1130(6th Cir. 1969).  The case has nothing to do with the statute of limitations at issue in this case.  Instead, it held on direct appeal from a convictions of mail theft, that the presiding trial judge, The Honorable Joseph P. Kinneary, was required to recuse himself because he had been the United States Attorney for this District at a time when two preliminary matters happened in the case.  Because he had not done so, defendant was granted a new trial.  That decision also has no bearing on the statute of limitations issue in this case.

Finnell complains that the undersigned "provides no case law of authority, and/or, jurisprudence, concerning Subject-Matter-Jurisdiction, and the Statute of limitation to bring a claim." (Second Petition, ECF No. 100, PageID 2924).  But the statute of limitations itself sets a limit of one year for claims and nothing about either the First or Second Petition requires any interpretive gloss on "one year."

Finnell also complains that Respondent made no objection to the First Petition.  *Id.* However, the First Petition was denied within three days of its filing, well before the time for opposition under S. D. Ohio Civ. R. 7.2 had expired.  And it is perfectly proper for the Court to raise the limitations issue *sua sponte*.  *Day v. McDonough*, 547 U.S. 198 (2006).

To the extent the Second Petition is a renewed motion to amend, it is DENIED.

March 20, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
