# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

          Petitioner,    :    Case No. 1:17-cv-268

- vs -                           District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                                    :

          Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on responses by the parties (ECF Nos. 118, 123) to the Court's Order to Show Cause (ECF No. 114).

As a predicate to the Order to Show Cause, the Magistrate Judge found

> This case was filed April 24, 2017. After the Magistrate Judge reference was transferred to the undersigned, proceedings were stayed for several years to permit the exhaustion of Finnell's state court remedies for asserted juror misconduct. Because the *Remmer* hearing on the juror misconduct claim had been repeatedly continued on motion of Finnell's counsel, this Court held him responsible for the delay and dissolved the stay (ECF No. 57). Shortly thereafter the Magistrate Judge filed a Report and Recommendations on the merits of the exhausted claims (ECF No. 58). Finnell has objected to both of those filings (ECF Nos. 65, 66) and the District Court has not yet reviewed and resolved those Objections.

(Order, ECF No. 114, PageID 3510).

The Order also found that, regardless of who was responsible for the delay, the *Remmer* hearing has now been held, the motion for new trial denied, and Finnell's appeal from that decision

1

is ripe for decision in the Ohio First District Court of Appeals. *Id.* Given those circumstances, the Magistrate Judge directed the parties to show cause why the following steps should not be taken by this Court:

1. Vacate the Report and Recommendations on the unexhausted claims (ECF No. 58);

2. Reinstate the stay of proceedings pending exhaustion of new trial proceedings in the Ohio courts;

3. Set a deadline for Petitioner to move to amend by adding his juror misconduct claim;

4. Requiring Respondent to supplement the State Court Record with proceedings on the juror misconduct/new trial claim; and

5. Setting a deadline for Petitioner to file a reply.

*Id.* at PageID 3511.

Respondent objects to vacation of the pending Report and a reinstatement of the stay because proceeding in that way would lead to piecemeal litigation and delay a ruling by District Judge Cole on the Report (ECF No. 118). The Magistrate Judge disagrees. The Report has been pending on objections for nearly two and one-half years. This means that Judge Cole has had to report this case as pending more than three years and five motions/objections in the case as pending more than six months as of March 31, 2023, in the required public report under the Civil Justice Reform Act. Presumably this is because he wishes to avoid litigating Petitioner's claims piecemeal. His deciding the objections regarding the Report at this point in time would not result in a final judgment resolving all of Petitioner's colorable claims. Of course, if he disagrees, he will be free to dissolve a new stay and consider the Report as initially filed, if Respondent objects to this Order. Accordingly, the Report and Recommendations (ECF No. 58) and the Supplemental Report (ECF No. 68) are WITHDRAWN without prejudice to either party's position on the merits.

2

This renders moot Petitioner's Objections (ECF No. 65).

Petitioner's deadline to file a motion to amend to add his juror misconduct claims is July 1, 2023. Respondent will have the time allowed by S. D. Ohio Civ. R. 7.2 to respond to that motion and Petitioner will have the fourteen days also provided by that rule to reply to any opposition Respondent may file. Leave to file a motion to amend is **NOT** leave to amend and is subject to all the usual rules related to such motions under 28 U.S.C. § 2242 and Fed.R.Civ.P. 15. Petitioner shall tender with his motion to amend a complete copy of his proposed amended petition.

If the motion to amend is granted, it will render the amended petition mixed and occasion reconsideration of staying the proceedings until Petitioner's state court remedies on the juror misconduct claim are exhausted per *Rhines v. Weber*, 544 U.S. 269 (2005).

If the motion to amend is granted, the Court will permit Respondent to file an amended return and set a date for Petitioner to file a reply.

Petitioner moves to extend his time to respond to Respondent's Response to the Show Cause Order (ECF No. 122). That Motion is DENIED as Petitioner has independently filed his own Response.

Petitioner suggests the appropriate authority for a stay is *Clinton v. Cook*, 2017 U.S. Dist. LEXIS 99133 (S.D. Ohio 2017)(Kemp M.J.), rather than *Rhines*. The Court acknowledges the logic and circumstances of *Clinton* would support a stay here, but declines to re-enter a stay until and unless the petition becomes mixed. Petitioner should note, however, that

> There is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior "resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." *State Farm Mutual Automobile Insurance Co. v. Bates,* 542 F. Supp. 807, 816 (N.D. Ga. 1982). Where a second

3

>judge believes that a different result may obtain, independent analysis is appropriate. *Id.*

*Threadgill v. Armstrong World Industries, Inc.,* 928 F.2d 1366, 1371 (3rd Cir. 1991). See also *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1124 (7th Cir. 1987) (district judges should not treat decisions of other district judges as controlling unless doctrines of *res judicata* or collateral estoppel apply); *United States v. Article of Drugs Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir. 1987) (single district court decision has little precedential effect and is not binding on other district judges in the same district); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977 (same); *Farley v. Farley*, 481 F.2d 1009 (3rd Cir. 1973) (even a three judge decision of the district court is not necessarily binding on any other district court); and *EEOC v. Pan American World Airways*, 576 F. Supp. 1530, 1535 (S.D.N.Y. 1984) (district court decision was not binding even on other district courts in the same district).

Petitioner comments that a stay will allow this Court to "develop a record." While that is true respecting supplementation of the State Court Record with state court filings in the new trial proceedings, a stay will not overcome the bar of *Cullen v. Pinholster*, 563 U.S. 170 (2011). While Petitioner quotes language on development of the record purportedly from § 2254(d), that language was replaced by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

June 15, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4