IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,   :  Case No. 1:17-cv-268

- vs -         District Judge Douglas R. Cole
        Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

        :

        Respondent.

## ORDER STRIKING DOCUMENT

This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell, is before the Court on the unlabeled document (ECF No. 132) which the Clerk has docketed as "Contemplation." The document is twenty-seven pages long and includes extensive discussion of implied bias of a juror. However, it is unclear what function this document is intended to served at this stage of the case because state court proceedings on Finnell's motion for new trial on the basis of juror misconduct are not completed.

The document is STRICKEN for the following non-exclusive reasons:

1. If the document is intended to be an argument directed to this Court's ultimate decision on whether Finnell is constitutionally entitled to a new trial, it is premature because the juror misconduct claim is not yet exhausted in the Ohio courts.

2. The document on its face is not a motion – it does not ask this Court to do anything.

3. The document makes extensive references to documents which the Court does not have. For example, Finnell repeatedly cites to "T. p." which the Magistrate Judge assumed is a

1

citation to some transcript somewhere but which is not a part of the record here.  The Court obviously cannot consider documents not in the record before us.  Petitioner is reminded of the following language from Chief Magistrate Judge Litkovitz's Order for Answer:

> When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(Order for Answer, ECF No. 6, PageID 44).  Given the age of this case and its extensive demands on judicial resources, the Magistrate Judge intends to enforce this order strictly.  Given that Petitioner is reportedly close to becoming a licensed paralegal (see PageID 3574), he should become familiar with this and other formal requirements for court filings.

There is a suggestion at the outset of this filing that a motion to amend to add the juror misconduct claim may be "immaterial." (ECF No. 132, PageID 3573).  Petitioner remains under order from this Court to file a motion to amend to add his juror misconduct claim(s) by July 17, 2023 (ECF No. 129).

July 10, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge