IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

          Petitioner,   :   Case No. 1:17-cv-268

- vs -   District Judge Douglas R. Cole
   Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

          :

          Respondent.

## DECISION AND ORDER DENYING EXTENSION OF STAY

This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell, is before the Court to decide whether to extend the stay of these proceedings until Petitioner has completed the proceedings he presently has pending in the Ohio state courts.

**History of the Stay Issue**

A stay was initially put in place to allow completion of Finnell's new trial proceedings in the Hamilton County Court of Common Pleas, chiefly involving a post-trial *Remmer*[1] hearing. Those proceedings are now complete as the result of the decision of the Ohio First District Court of Appeals in *State v. Finnell*, 2023-Ohio-2563 (Jul. 26, 2023), and the subsequent denial of review by the Ohio Supreme Court, *State v. Finnell,* 171 Ohio St.3d 1511 (Nov. 7, 2023).

---

[1] *Remmer v. United States*, 347 U.S. 227 (1954).

1

Advised that Petitioner had filed a new petition for post-conviction relief under Ohio Revised Code § 2953.21 and a new application to reopen appeal under Ohio R. App. P. 26(B), the Magistrate Judge asked the parties to state their positions on whether the stay should be continued. Respondent unequivocally opposed a further extension because (1) the present petition is not a mix of exhausted and unexhausted claims and (2) Respondent has not raised a lack of exhaustion defense (ECF No. 178). Petitioner's several lengthy responses were equivocal (ECF Nos. 176, 179). Having considered those responses, the Magistrate Judge vacated the stay on November 22, 2023 (ECF No. 181).

Between November 22, 2023, and December 6, 2023, Petitioner made four filings relating to a stay (ECF Nos. 184, 185, 186, and 188) which are summarized at Decision and Order: Additional Briefing on Stay (ECF No. 189, PageID 4899-4900). These also were, considered together, equivocal on the question and thus the Magistrate Judge ordered further final briefing on the issue. *Id.* Those briefs have now been filed (ECF Nos. 192, 195), making the issue again ripe.

**Extension of the Stay is Denied**

Respondent maintains the position that no further stay is warranted because the Petition is not mixed and failure to exhaust has not been pleaded (ECF No. 192).

Petitioner's response (labeled as Objections to Respondent's Response) is eighty-four pages long (ECF No. 195) and contains assorted arguments on a variety of issues, e.g., waiver of defenses and the inapplicability of Fed.R.Civ.P. 59(e). Nevertheless, Petitioner answers the question put quite succinctly: "Therefore, in this case at bar, petitioner prays this court not to stay these proceedings. Petitioner pray [sic] this court for immediate action." (ECF No. 195, PageID

5064). Accordingly, the stay of these proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) will not be reinstated.

**Status of the Case**

The petition in this case is not a mix of exhausted and unexhausted claims. However, Petitioner's jury misconduct claim, which has been exhausted, is not yet a part of the petition. On October 25, 2023, the Magistrate Judge vacated his prior Decision and Order denying Petitioner's Motion to Amend and agreed to reconsider that decision once the issue of a stay was settled (ECF No. 171). That is the next matter for the Court's consideration. No further briefing on this issue is required or permitted without prior court authorization.

January 10, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge