# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KYLE FINNELL,

      Petitioner,

  v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 1:17-cv-268

JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## OPINION AND ORDER

Kyle Finnell, a federal prisoner proceeding pro se, seeks a writ of habeas corpus. Under this Court's General Order 22-05, because this is a non-capital habeas case seeking relief under 28 U.S.C. § 2254, the Court referred the matter to a Magistrate Judge. Finnell now objects to multiple Orders the Magistrate Judge has issued. Finnell's objections include:

- 3/23/23 Objection (Doc. 102) to the Magistrate Judge's 3/20/23 Decision and Order (Doc. 101) denying Finnell's 3/17/23 Petition to Challenge Subject-Matter Jurisdiction (Doc. 100);

- 6/23/23 Objection (Doc. 128) to the Magistrate Judge's 6/15/23 Decision and Order (Doc. 124) withdrawing the Magistrate Judge's 1/25/21 Report and Recommendations (R&R, Doc. 58) and 3/3/21 Supplemental Report and Recommendations (Suppl. R&R, Doc. 68), which R&Rs recommended that the Court dismiss Finnell's Petition for a Writ of Habeas Corpus (Doc. 7) with prejudice;

- 9/12/23 Objection (Doc. 160) to the Magistrate Judge's 9/6/23 Notation Order (Doc. 156) denying Finnell's 9/5/23 Petition to Answer a Federal Quest [sic] at Law Pursuant to 28 USCS [sic] § 1331 (Doc. 155); and

- 12/1/23 nominally labeled Objections (Doc. 185, #4869) moving the Court "to answer a federal question at law pursuant to 28 USCS [sic] § 1331" regarding the Magistrate Judge's 11/22/23 Decision and Order Vacating Stay (Doc. 181).

For the reasons stated below, the Court **OVERRULES** all those objections.

Some developments in this case help contextualize and resolve these objections. The first relevant event occurred on June 15, 2023, when the Magistrate Judge issued a Decision and Order withdrawing his 1/25/21 R&R (Doc. 58) and his 3/3/21 Supplemental R&R (Doc. 68) and providing Finnell an opportunity to seek leave to amend his habeas petition to add a proposed juror misconduct claim. (Doc. 124, #3536–37). Because the misconduct claim was pending in state court at the time of that Decision and Order, the Magistrate Judge explained that, if he elected to allow Finnell to amend his habeas petition, he would reconsider the propriety of a stay to allow Finnell to exhaust the claim. (*Id.* at #3537). Finnell then moved for leave to amend three times, (Docs. 138, 146, 150)—the third to cure deficiencies that had been identified in the first two motions, (*see* Doc. 139, #3835; Doc. 147, #3886–88; Doc. 148, #3890). The Magistrate Judge denied the motion for leave to amend on October 19, 2023, because he concluded that Finnell had procedurally defaulted his juror misconduct claim by failing to seek review of the state court proceedings on that claim in the Supreme Court of Ohio. (Doc. 167, #4164).

2

But on October 25, 2023, after Finnell moved for the Court to take judicial notice of the Supreme Court of Ohio's docket, the Magistrate Judge vacated his decision denying Finnell's motion to amend and entered a stay of these federal habeas proceedings because the juror misconduct claim had in fact been pending before the Supreme Court of Ohio. (Doc. 171, #4222–23). The Magistrate Judge's 10/25/23 Decision and Order noted that while he had denied Finnell's earlier motion to amend his habeas petition to add claims, (Doc. 150, #3895), he would reconsider that decision once Finnell finished pursuing his appeal of the state court proceedings on the juror misconduct claim. (Doc. 171, #4223). After the Supreme Court of Ohio declined to accept appellate jurisdiction over those state proceedings, the Magistrate Judge vacated the stay he had entered in the 10/25/23 Decision and Order noting that no party sought a further stay of the federal proceedings. (Doc. 181, #4679). But because Finnell had filed a new state court petition for post-conviction relief, the Magistrate Judge requested that the parties file additional briefing that clearly stated their positions on the necessity of a further stay of the federal habeas proceedings. (Docs. 174, 189).

After the parties' papers were filed, the Magistrate Judge determined that neither party wanted a further stay of the federal habeas proceedings despite Finnell's newly initiated state-court post-conviction proceedings. (Doc. 196, #5143–44). Thus, the Magistrate Judge concluded that the Court could proceed to the merits of Finnell's habeas petition. (*Id.* at #5144). As promised, the Magistrate Judge also reconsidered Finnell's motion to amend his habeas petition. (Doc. 197). Because

3

Finnell had finished pursuing his direct appeal involving his proposed juror misconduct claim in state court, the Magistrate Judge determined that the claim could be added to his habeas petition. (*Id.* at #5145–46). Thus, the Magistrate Judge requested that Respondent file an amended Return of Writ as well as the portions of the state court record related to this juror misconduct claim. (*Id.* at #5146).

Altogether, that means Finnell's federal habeas case is now proceeding to the merits on the original habeas petition plus an added juror misconduct claim resulting from the Magistrate Judge's reconsideration of the denial of Finnell's motion to amend. And, for now, those proceedings are awaiting Respondent's Amended Return of Writ and the additional relevant portions of the state court record. With that background out of the way, the Court turns to Finnell's objections.

The Court **OVERRULES AS MOOT** Finnell's 3/23/23 Objection (Doc. 102) to the Magistrate Judge's Decision and Order (Doc. 101) denying Finnell's Petition to Challenging Subject Matter Jurisdiction (Doc. 100). In that Petition, Finnell argued that the Hamilton County Court of Common Pleas and the First Appellate District lacked subject-matter jurisdiction to hear his case, (*id.* at #2928–29)—the second such filing (Doc. 89). Functionally, then, Finnell's Petition to Challenge Subject Matter Jurisdiction is a Motion to Amend, and the Court construes it as such—as it had done with Finnell's previous filing of the same name, (Doc. 141, #3858 (construing Doc. 89)). But Finnell has moved to amend three times since then. (Docs. 138, 146, 150). Petitioners moot motions to amend and objections to orders denying them when they file a subsequent motion to amend. *See Penland v. Warden, Toledo Corr. Inst.*, No.

4

1:18-cv-648, 2022 WL 1266275, at *3 (S.D. Ohio Apr. 28, 2022). So Finnell's 3/23/23 Objection is moot. Moreover, the Magistrate Judge authorized an amendment of Finnell's habeas petition to add his juror misconduct claim. (Doc. 197, #5145–46). While the Magistrate Judge's Decision and Order did not amend the habeas petition to add a subject-matter jurisdiction claim, the Court cannot pass judgment on that until it is ripe to do say (namely, until the time for Finnell to object passes). For now, it is enough to say that Finnell had a chance to amend, moved to do so, and was partially authorized to amend his habeas petition. That moots his previous motion to amend.

The Court also **OVERRULES AS MOOT** Finnell's 6/23/23 Objection (Doc. 128) to the Magistrate Judge's 6/15/23 Decision and Order (Doc. 124) withdrawing the Magistrate Judge's 1/25/21 Report and Recommendations (Doc. 58) and 3/3/21 Supplemental Report and Recommendations (Doc. 68). Although Finnell's 6/23/23 Objection is long and difficult to parse, the force of his Objection is directed at the Magistrate Judge's decision not to enter a stay when it vacated the R&Rs and offered to entertain a motion from Finnell to amend his habeas petition. (Doc. 128, #3549–53). But after Finnell filed this Objection, the Magistrate Judge entered a stay of the federal proceedings to permit Finnell to seek review of his proposed juror misconduct claim in state court, (Doc. 171)—the relief requested in Finnell's 6/23/23 Objection, (Doc. 128, #3553 ("The petitioner should be allowed to create a record through [a] stay[.]")). So the 6/23/23 Objection is also moot. Certainly, the stay has since been vacated. (Doc. 181). But any argument that the stay was vacated too early would

5

properly be raised only in an objection directed to the Magistrate Judge's decision to vacate the stay. As such an objection is not before the Court, the Court has no occasion to opine on the matter. Instead, it is sufficient to observe that the Finnell's requested stay was in fact entered after he filed his 6/23/23 Objection, thereby mooting it.

Next, the Court **OVERRULES IN PART AND OVERRULES AS MOOT IN PART** Finnell's 9/12/23 Objection (Doc. 160) to the Magistrate Judge's 9/6/23 Notation Order (Doc. 156) denying Finnell's 9/5/23 Petition to Answer a Federal Quest [sic] at Law Pursuant to 28 USCS [sic] § 1331 (Doc. 155). Finnell's self-styled 9/5/23 Petition sought to compel the Magistrate Judge to answer whether the state court proceedings finding that no bias affected the jury verdict against Finnell violated his Sixth Amendment rights—essentially moving to have the Magistrate Judge rule on Finnell's recently added juror misconduct claim. (*Id.* at #4008, 4010). The Magistrate Judge denied the Petition as requesting an advisory opinion. (Doc. 156 (cross-referencing the 9/5/23 Decision and Order Denying Petition (Doc. 154, #4006–07))). Finnell's 9/12/23 Objection argues that the Court has subject-matter jurisdiction to answer the question pursuant to 28 U.S.C. § 1331 and proceeds to re-argue the merits of all the claims raised in his habeas petition. (Doc. 160, #4030–33). But seeing as the Magistrate Judge recently permitted Finnell to add his juror misconduct claim and the Respondent's Return of Writ and the relevant state court record have not yet been filed for that claim, Finnell's 9/5/23 Petition for a resolution of the juror misconduct claim is decidedly premature. *Arnoff v. Black*, 1:22-cv-375, 2022 WL 2834663, at *1 (N.D. Ohio July 20, 2022) ("At the very least, Plaintiff's

6

motion for summary judgment before a full round of briefing is premature. Furthermore, it is unnecessary … [T]he [referral to a magistrate and related] briefing procedures in place [for habeas cases] essentially act like a *de facto* summary judgment briefing schedule and there is no need to file a separate summary judgment motion."). Therefore, the Magistrate Judge was well within his power to decline to rule on the juror misconduct claim at that time, which means Finnell's Objection lacks merit. To the extent that Finnell argues in his Objection about the merits of the other claims in his habeas petition—arguments unrelated to the narrow issue decided in the Magistrate Judge's 9/6/23 Notation Order—they are not proper objections to the order and are therefore overruled as moot. *Smith v. Hoffner*, No. 1:15-cv-82, 2017 WL 2061406, at *2 (W.D. Mich. May 12, 2017). So the Court **OVERRULES IN PART AND OVERRULES AS MOOT IN PART** Finnell's 9/12/23 Objection (Doc. 160).

That brings the Court to Finnell's 12/1/23 Objection (Doc. 185), which the Court **OVERRULES AS MOOT**. Finnell's nominally styled Objection and Petition to Answer a Federal Question discusses—in a meandering way—his position on the Magistrate Judge's decision to vacate the stay following the Supreme Court of Ohio's decision not to review Finnell's state court proceedings related to his juror misconduct claim. (*Id.* at #4853). The Magistrate Judge reviewed this filing and found that "this document constitutes an unequivocal demand for a further stay" in tension with Finnell's two prior filings that had not clearly requested a further stay of the federal proceedings. (Doc. 189, #4899–900). As a result, the Magistrate Judge provided Finnell another opportunity to state definitively his position on whether a further

7

stay of federal proceedings was needed. (*Id.* at #4900; Doc. 196, #5143). Finnell did so. In that filing, he stated that "in this case at bar, petitioner prays this court not to stay these proceedings[;] Petitioner pray [sic] this court for immediate action." (Doc. 195, #5064). Because Finnell's later-filed brief affirmatively states what he requests of the Court with respect to the Magistrate Judge's vacatur of the stay—he wants to proceed to the merits of his habeas petition without a further stay—any objection buried in his 12/1/23 filing is moot given these subsequent developments. As noted above, the Magistrate Judge has set forth a schedule for the proceedings on Finnell's amended habeas petition, and the Court is merely waiting for Respondent to file certain requested documents relating to Finnell's juror misconduct claim. Simply, Finnell has been heard on the matter of the vacatur of the stay of federal proceedings, and his request to proceed to the merits has been honored. That moots Finnell's 12/1/23 Objection (Doc. 185).

## CONCLUSION

For the reasons given above, the Court **OVERRULES** Finnell's 3/23/23 Objection (Doc. 102), 6/23/23 Objection (Doc. 128), 9/12/23 Objection (Doc. 160), and 12/1/23 Objection (Doc. 185).

**SO ORDERED.**

January 18, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8