# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,        :        Case No. 1:17-cv-268

- vs -                               District Judge Douglas R. Cole
                                      Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                           :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO ADD AFFIRMATIVE DEFENSE

        This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell under 28 U.S.C. § 2254, is before the Court on Petitioner's Amended Prayer for Affirmative Defense (ECF No. 205).

        An affirmative defense is a defense raised by a defending party stating reasons for denying the relief sought by a plaintiff or petitioner. Fed.R.Civ.P. 8(c) lists the common affirmative defenses, which are reasons why the court should deny relief. Common affirmative defenses in habeas corpus cases. For example, are procedural default, failure to exhaust state court remedies, failure to file within the statute of limitations, or filing a second or successive petition. By its very definition, an affirmative defense is not something to be raised by a habeas petitioner.

        Courts have a duty to liberally construe pro se pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Having done so, the Magistrate Judge believes that Petitioner may be attempting to raise some sort of equal protection claim. See, for example, PageID 5253. If that is a correct construction of the Motion, Petitioner has failed to plead

1

an equal protection claim in that he has not said in which way the State has treated him differently from similarly situated persons.  Construed as a motion to amend the Petition, the instant Motion is DENIED for failure to state a claim upon which habeas corpus relief can be granted and also because it is extremely untimely.

Finally, Finnell's instant Motion interferes with the orderly development of this case for decision.  Although Finnell has never tendered an amended petition to include the claims exhausted in his recently completed new trial proceedings, the Court has deemed the Petition amended to include as Ground Five a claim that Finnell was denied a trial by a fair and impartial jury by participation in deciding the case of three jurors who had contact with Finnell outside the courtroom (Decision and Order on Reconsideration, ECF No. 197, PageID 5145-45).  Based on that implied amendment and exhaustion of that claim in the new trial proceedings before the Common Pleas Court of Hamilton County, Ohio, the Magistrate Judge has ordered Respondent to file an amended return of writ and State Court Record. *Id.*  A date for Finnell to file an amended reply was set in the same order.  Finnell must include all of his arguments in support of Ground Five in his amended reply; he is not entitled to have the Court decided his claims seriatim.  Petitioner's Amended Prayer for Affirmative Defense (ECF No. 205) is DENIED.

February 20, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
