IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,   :   Case No. 1:17-cv-268

- vs -   District Judge Douglas R. Cole
   Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

   :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's sixty-nine paged filing labeled "Affirmative Defense Of Lack Of Subject Matter Jurisdiction" (ECF No. 211). Upon a reading of the document, it appears Petitioner is attempting to assert that the Hamilton County Court of Common Pleas lost both subject matter jurisdiction and personal jurisdiction when it somehow denied him effective assistance of counsel. Petitioner principally relies on *Johnson v. Zerbst,* 304 U.S. 458 (1938).

The claim of lack of jurisdiction is not included in the four grounds for relief pleaded in the Petition (ECF No. 7). Only the juror misconduct claim has been added as Ground Five (ECF No. 197).

Any additional claim must be added by amending the Petition. If Petitioner seeks to amend the Petition by adding a claim that his conviction is void because the Common Pleas Court lacked jurisdiction, he must satisfy the general standard for a motion to amend. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would

1

be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile").

Any motion to amend to add a claim of lack of jurisdiction must show why such a claim is not barred by the statute of limitations in 28 U.S.C. § 2244(d). The instant motion relating to a supposed affirmative defense is denied without prejudice to its renewal by way of a motion to amend.

March 5, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge