**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

KYLE FINNELL,

                    Petitioner,            :    Case No. 1:17-cv-268

   - vs -                        District Judge Douglas R. Cole
                                        Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                       :

                Respondent.

---

**DECISION AND ORDER ON RECONSIDERATION OF ORDER
DENYING MOTIONS FOR SECOND COPY OF STATE COURT
RECORD AND APPOINTMENT OF COUNSEL**

---

This habeas corpus case is before the Court on Petitioner's Motion for Reconsideration of the Court's Decision and Order denying his renewed Motion for a Second Copy of the State Court Record (ECF No. 224).

To repeat what was said before "[f]or reasons previously given, the State has no obligation to furnish a second copy of the record, to wit, the State has satisfied the Court that it is not responsible for any damage to the first copy of the record provided to Petitioner. The Motion for a second copy is denied." (ECF No. 218, PageID 5896). Repeating a claim already found incredible does not make it more credible.

Petitioner has offered some new arguments for the appointment of counsel which are dealt with here.

The Court cited lack of sufficient funding to permit appointment in non-capital habeas corpus cases. Finnell quotes Dr. King on the availability of funds to the nation generally. Agreed,

1

but the judiciary does not appropriate funds to itself from the Treasury.  It is Congress who decides in general how much the judiciary shall have and the Judicial Conference of the United States decides how that appropriation shall be spent.  Within the funds allocated to the Southern District of Ohio, there are insufficient funds to pay for appointed counsel in almost every non-capital habeas corpus case.

Finnell asserts the case could be assigned to the Federal Defender and then would cost the Court nothing.  However, Federal Defenders are also paid from appropriated money and the Public Defender in this District has consistently, for many years, declined appointment in non-capital cases.  Appointment in capital cases and in all indigent felony cases taxes the limits of that office.

Finnell mentions that he is disabled, but the Criminal Justice Act does not provide funding on that basis.

The Decision and Order whose reconsideration is sought mentions the thousands of pages of argument Finnell has filed *pro se*.  He rejoins that the Court does not know what help he may have received from friends or other inmates to produce those filings.  If that is the case, however, Finnell has not explained why he cannot continue to rely on the same help.

Finnell relies on the language of Rule 8 of the Rules Governing § 2254 Cases which requires appointment of counsel if an evidentiary hearing is to be held.  He assumes such a hearing will be held in this case, but he has never moved for a hearing and the authority of the Court to consider evidence beyond the state court record is severely constrained.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Finnell complains that there are parts of the record which are marked for counsel only.  On January 11, 2024, the Court ordered Respondent to file an amended return and to supplement the State Court Record with additional parts of the record generated during the *Remmer* hearing

remand.  The Order provides in part:

> Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate Ground Five. (If preferable for ease of reference in later filings, Respondent may re-file the previously filed State Court Record with additional documents needed to adjudicate Ground Five).

(Order, ECF No. 197, PageID 5146).  To the extent that the State Court Record contains documents ordered produced for counsel's eyes only, if Respondent intends that these portions of the record be sealed and not made available to Petitioner or the public through the ECF system, Respondent shall segregate those documents into a separate record, bookmarked as the balance of the record is bookmarked and file them with a motion for leave to file under seal, justifying the sealing as required by *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996), and *Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016)(Kethledge, J.).

Finnell relies on case law requiring provision of a copy of the record on appeal to indigent criminal defendants.  But that requirement is in support of the equal protection rights of direct appeal defendants.  *Griffin v. Illinois*, 351 U.S. 12 (1956). See also *Douglas v. California*, 372 U.S. 353 (1963)(Counsel must be appointed on appeal of right for indigent criminal defendants). The State already complied with those rules when this case was on direct appeal.  It also furnished a complete copy of the State Court Record when it initially filed its Answer in this case as required by Fed.R.Civ.P. 5.  The Court has not accepted Petitioner's claim that the State is responsible for any damage that occurred to that copy of the record.  Petitioner is entitled to receive the supplemental State Court Record when it is filed on or before April 15, 2024 (See ECF No. 203).

The Motion for Reconsideration is DENIED.

3

4

IT IS SO ORDERED.

March 25, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge