IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

        Petitioner,      :      Case No. 1:17-cv-268

- vs -      District Judge Douglas R. Cole
      Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

        :

        Respondent.

## DECISION AND ORDER DENYING "PRAYER FOR ALL OF THE INVESTIGATIVE MATERIAL . . . AND OBJECTIONS TO RESPONDENTS MOTION BEFORE THE COMMON PLEAS COURT"

This habeas corpus case, brought *pro se* by Petitioner Kyle Finnell pursuant to 28 U.S.C. § 2254, is before the Court upon the filing of Petitioner's "Prayer for All of the Investigative Material and Objections to Respondent['s] Motion Before the Common Pleas Court" (ECF No. 234).

It appears that Petitioner is seeking "investigative material" created by an investigator for the Hamilton County Public Defender's Office in connection with the *Remmer* hearing proceedings in this case. Finnell refers twice to ECF No. 226, PageID 6149. The reference is to the Supplemental Motion for New Trial with Evidentiary Hearing Requested (State Court Record, ECF No. 226, Ex. 72). At that point in the Supplemental Motion, Mr. Bicknell, Finnell's counsel, avers that "Mr. Finnell is attaching as Defendant's Exhibit A the affidavit of his investigator who interviewed the primary juror/witness at issue in this motion, and will file under seal all interviews

1

conducted in response to this motion by the State and Defendant's investigators." The attached Affidavit of Dennis Ficker avers

> 5. I reviewed the interview transcripts from the jurors interviewed by the Hamilton County Prosecutor's investigator.
>
> 6. I was able to locate a juror who was not interviewed by the investigator from the Hamilton County Prosecutor's office and interviewed them by telephone.
>
> 7. That juror reported that contact had taken place between Mr. Finnell and the juror during the course of Mr. Finnell's trial.
>
> 8. That juror reported that two incidents took place.

(Ficker Affidavit, State Court Record, ECF No. 226, PageID 6151).

Immediately after reporting the existence of the Ficker Affidavit, however, Finnell's counsel argues: "However, Mr. Finnell submits that while the interviews are helpful to the Court in preparing for a possible hearing, they are not a substitute for the questions necessary to be taken under oath in response to examination by counsels for the State and Defendant, and by the Court itself." *Id.* at PageID 6149.

The Magistrate Judge agrees with Mr. Bicknell. Reading the instant Motion as a request to expand the record under Habeas Rule 7, the Magistrate Judge finds it is not well taken because this Court must adjudicate this case on the basis of the record made before the Ohio courts. *Cullen v. Pinholster,* 563 U.S. 170 (2011). In other words, whatever "investigative materials" Mr. Ficker accumulated cannot be considered by this Court unless they were filed with the Common Pleas Court. The language of Rule 7 permitting consideration of extra-record material is substantially limited by *Pinholster*.

Petitioner also objects to the language of a motion he claims was filed May 1, 2024, in the Hamilton County Common Pleas Court seeking unsealing of the *Remmer* hearing transcripts. The undersigned has not seen a copy of that Motion and in any event has no authority to raise objections

2

to it. Petitioner's objection is that "To the contrary, Respondent has ducked further parts of the record such as evidence derived from the instigator [sic] see. Doc. No. 226 Page ID 6149." [footnote omitted]. For the reasons given above, this Court may not consider any "investigative materials" not considered by the state courts.

    The instant Motion is DENIED.

May 2, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge