**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

KYLE FINNELL,

            Petitioner,    :    Case No. 1:17-cv-268

  - vs -                               District Judge Douglas R. Cole
                                        Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
  Lebanon Correctional Institution,

                                        :

           Respondent.

**REPORT AND RECOMMENDATIONS**

This is a habeas corpus case brought *pro se* by Petitioner Kyle Finnell pursuant to 28 U.S.C. § 2254 to obtain relief from his July 1, 2014, convictions in the Hamilton County Court of Common Pleas in cases B-1305265-B and B-1306715 (Petition, ECF No. 7, PageID 46).

**Litigation History**

On September 13, 2013, the Hamilton County grand jury indicted Finnell and his co-defendant Shawn Johnson for a home invasion occurring in June 2012. The grand jury charged them with one count of aggravated burglary in violation of Ohio Rev. Code § 2911.12(A)(1) (count 1), one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(2) (count 2), one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) (count 3), one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) (count 4) and one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) (count 5). Counts 1 and 3 each carried two firearm specifications. In count eleven, Finnell alone was charged with one count of having weapons while under disability in violation of

1

Ohio Rev. Code § 2923.13(A)(2) (count 11). Counts 6-10 related exclusively to Johnson and involved drug and tampering with evidence offenses occurring in August 2013. (Indictment in Case No. B-1305265 State Court Record, ECF No. 11, Ex.1).

The grand jury subsequently indicted Finnell for one count of intimidation of a crime witness in violation of Ohio Rev. Code § 2921.04(B)(1) with two firearm specifications (count 1), one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) (count 2) and one count of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A) (count 3). (Indictment in Case No. B-1306715, State Court Record, ECF No. 11, Ex. 2). These charges arose from Finnell's attempt to intimidate the state's main witness in the robbery/burglary case after his arrest. A trial jury found Finnell guilty of all charges and specifications. He was sentenced to an aggregate term of imprisonment of thirty-four years.

Finnell appealed to the Ohio First District Court of Appeals which affirmed the convictions, remanded for incorporation of the required consecutive sentencing findings into the sentencing entries, and vacated the denial of Finnell's new trial motion because it had been ruled on by a judge who had recused himself. *State v. Finnell*, 2015-Ohio-4842, ¶ 77 (1st Dist. Nov. 25, 2015)("*Finnell I*"), appellate jurisdiction declined, 145 Ohio St. 3d 1445 (2016).

As to the new trial motion, the trial court denied release of juror information and Finnell appealed. After he filed his habeas corpus petition in this Court, the First District reversed the trial court's denial of the release of juror information on ineffective assistance of trial counsel grounds. *State v. Finnell*, 2018-Ohio-564 (1st Dist. Feb. 14, 2018)("*Finnell II*").

The habeas corpus Petition was filed in this Court on June 22, 2017. *Id.* On Order of Magistrate Judge Karen Litkovitz (ECF No. 6), Respondent filed the State Court Record (ECF No. 11) and a Return of Writ (ECF No. 12). On June 12, 2018, the Magistrate Judge reference in the case was transferred to the undersigned who, on January 25, 2021, filed a Report and

Recommendations recommending that the Petition as it then stood be dismissed with prejudice (ECF No. 58). Petitioner objected (ECF No. 65); Judge Cole recommitted the case (ECF No. 67) and the undersigned filed a Supplemental Report reiterating the recommendation that the Petition as it then stood be dismissed with prejudice (ECF No. 68). Although those Reports were withdrawn for a time, they have been reinstated and are pending for decision before Judge Cole upon his consideration of Petitioner's Objections.

Petitioner's first four grounds for relief are:

> **Ground One:** Whether the trial court erred as a matter of law by allowing hearsay and other-acts evidence in violation of his right to a fair and impartial trial. Pursuant to Sixth Amendment and Due Process Clause of the Fourteenth Amendment.
>
> **Ground Two:** Whether the evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain a conviction. The Due Process Clause of the Fourteenth Amendment protected a criminal defendant.
>
> **Ground Three:** Whether appellant was denied effective assistance of counsel in violations of his constitutional rights thus prejudicing his right to a fair trial. Pursuant to the Sixth Amendment and Due Process clause of the Fourteenth Amendment.
>
> **Ground Four**: whether the trial court erred as a matter of Law in sentencing petitioner. In violation of Due Process Clause of the Fourteenth Amendment.

(Petition, ECF No. 7, PageID 60, 63, 66, and 69). This Report offers no further analysis of these grounds for relief; they are included here to complete the context.

Pending now for a recommended decision is Petitioner's Fifth Ground for Relief for "juror misconduct." That claim reads:

> **Ground Five**: Finnell was deprived of his Sixth and Fourteenth Amendment right to trial by a fair and impartial jury by participation in deciding the case of three jurors who had contact with Finnell outside the courtroom.

> **Supporting Facts**: The alleged "contact" consisted of (1) Jurors A.L. and B.C. overhearing Finnell on the telephone describing both of them or some courthouse personnel in unflattering language (2) Jurors A.L. and B.C. perceiving that Finnell was following them, and (3) Juror M.B.'s complaint to a bailiff that Finnell was staring at her and her inquiring why he was not incarcerated during the trial.

(ECF No. 197, Page ID 5146 & n. 1).

This claim was litigated in the Ohio courts by way of Petitioner's motion for new trial. On August 18, 2022, the Hamilton County Court of Common Pleas denied that motion, concluding:

> Pursuant to Crim.R.33(A)(2), a new trial may be granted based on misconduct of the jury that materially affected the defendant's substantial rights. Defendant fails to identify any misconduct of any party to the proceedings. Additionally, Defendant fails to identify any irregularity in the proceedings or abuse of discretion by the court. The trial transcript sets forth a full and fair trial whereby Defendant presented a full defense. Any alleged outside incidents did not influence the juror's decisions. The juror's made their findings and decision only on the evidence presented at Defendant's trial.
>
> Therefore, Defendant's Motion for a new trial is OVERRULED.

(Entry, State Court Record, ECF No. 226, Ex. 77, PageID 6202).

Petitioner appealed and the Ohio First District Court of Appeals affirmed. *State v. Finnell*, 2023 WL 4751764 (Ohio App. 1st Dist. Jul. 26, 2023)(unpublished, copy at ECF No. 226, Ex. 84, PageID 6260, *et seq*.)("*Finnell III*.") Critically, it held

> ¶18 Based on the record before us, Finnell has not demonstrated that the incidents involving Juror A.L., or any other alleged misconduct, biased the jurors such that they were unable to base their decisions to find him guilty of the charged offenses on anything other than the evidence presented at trial. Juror A.L. testified that she had not told the other jurors about the two incidents involving Finnell and that those incidents had not influenced her decision to find Finnell guilty of the charged offenses. The two jurors who claimed to know during deliberations about Finnell following Juror A.L. testified that learning of that incident did not influence their verdicts, and specifically testified that they had based their decisions to find Finnell guilty of the charged offenses only on the evidence presented at trial. Finally, the remaining jurors who had testified

4

> confirmed that they were unaware of any incidents involving other jurors and Finnell until after the verdict had been announced.
>
> ¶19 "A trial court may rely upon a juror's testimony as a basis for finding that her impartiality was not affected." *See Herring*, 94 Ohio St.3d at 259, 762 N.E.2d 940. Here, the trial court relied on the testimony of the jurors in finding that they had based their guilty findings solely on the evidence presented at trial, and thus, that each juror's impartiality had not been affected by any outside contact with or observation of Finnell. Because the court's determination is supported by competent, credible evidence in the record, we cannot say that the trial court's denial of Finnell's new-trial motions was unreasonable.
>
> ¶20 In reaching our holding, we keep in mind the Ohio Supreme Court's admonition that " ' * * * [t]he determination of juror bias necessarily involves a judgment on credibility, the basis of which often will not be apparent from an appellate record. *Wainwright v. Witt*, 469 U.S. 412, 421, [105 S.Ct. 844, 83 L.Ed.2d 841] (1985). For this reason, '* * * deference must be paid to the trial judge who sees and hears the juror. *Id.* at 426.' " *State v. Huertas*, 51 Ohio St.3d 22, 29, 553 N.E.2d 1058 (1990), quoting *State v. DePew*, 38 Ohio St.3d 275, 280, 528 N.E.2d 542 (1988).

*Finnell III* at ¶¶ 18-20.

Judge Kinsley dissented and would have granted Finnell a new trial. *Id.* at ¶¶ 23-43. The Ohio Supreme Court declined jurisdiction over a further appeal. *State v. Finnell,* 171 Ohio St. 3d 1511 (2023).

This Court then vacated the stay of these proceedings and afforded Petitioner multiple opportunities to move to amend. When he had failed to do so in the form requested and customary in this Court, the Magistrate Judge found this Court was limited to considering the claim exhausted by Finnell in his new trial proceedings in the Ohio courts (Decision and Order, ECF No. 197, PageID 5145). The Magistrate Judge construed that claim to be that Finnell was deprived of his Sixth and Fourteenth Amendment right to trial by a fair impartial jury by participation in deciding the case of three jurors who had "contact" with Finnell outside the courtroom and deemed the

5

Petition amended to include that claim as Ground Five. *Id.* at PageID 5145-46. In the same Decision, Respondent was ordered to file an amended Return of Writ, and the Court set a deadline of twenty-one days after the amended return was filed for Petitioner to file his reply. *Id.* at PageID 5147.

The Warden's Amended Return was filed April 12, 2024 (ECF No. 227), but the State Court Record was not completed until the Court accepted redacted copies of the transcript of the *Remmer* hearing held in the Hamilton County Court of Common Pleas (ECF No. 253). Once those transcripts were filed on June 14, 2024, the Court notified Petitioner that his reply was due by July 14, 2024 (ECF No. 259).

Despite that Notice and a later warning to Petitioner that the Magistrate Judge considered the case ripe for decision without his reply (ECF No. 267), Petitioner has steadfastly failed and refused to file a reply. This is surprising behavior since he has filed, since April 25, 2024, the following documents arguing one point or another in the case:

> 04/25/2024 ECF No. 234 Prayer for All of the Investigative Material and Objections to Respondents Motion Before the Common Pleas Court Petitioner Move For All Pertinent Document (6 pp.)
>
> 04/25/2024 ECF No. 232 Petition Objection Concerning Non Compliance of this Court Order Objection to Respondent's Supplemental Return of Writ Doc. No. 227 and Answering this Court Question (15 pp.)
>
> 04/30/2024 ECF No. 233 Petitioner Objection Concerning Non Compliance Of This Court Order Re 227 Objection To Respondents Seal Order And Failure To Answering This court Question (16 pp.)
>
> 05/11/2024 ECF No. 238 OBJECTION to Respondent's Supplemental Return of Writ (115 pp.) Doc. No. 227
>
> 05/14/2024 ECF No. 239 Opposes/Objection to Respondent's MOTION for Extension of Time Doc. No. 236, the Sixth Amendment to the United States Constitution and Article I, Section

6

    10 of Ohio's Constitution Guarantee a Criminal Defendant the Right to a Speedy Trial (34 pp.)

    05/22/2024    ECF No. 242  NOTICE by Petitioner Kyle Finnell for Implied Bias Standard (22 pp.)

    05/28/2024    ECF No. 243  Objection to Respondent's Enlargement of Time After this Court Grant Petitioner a Speedy Adjudication pursuant to the Sixth Amendment to the United States Constitution and Article I, Section 10 of Ohio's Constitution guarantee a criminal defendant the right to a speedy trial (30 pp.)

    06/05/2024    ECF No. 250  Petition Addressing 241 Order, and It Objection, the Show Cause Order (18 pp.) Doc. No. 442, and Doc. No. 248

    06/06/2024    ECF No. 252  NOTICE to the Court that Petitioner is not in Receipt of Thus [sic] *Remmer* Hearing (8 pp.)

    06/22/2024    ECF No. 260  Motion for the *Remmer* Hearing Transcript (10 pp.)

    07/03/2024    ECF No 264 Objection to Magistrate Judge Order re 263 & Notice To Petitioner (10 pp.)

    07/06/2024    ECF No. 265  Objection to the Record (7 pp.)

These filings comprise 275 pages of legal argument with literally hundreds of legal citations. And yet Finnell has refused to organize his arguments into a reply, the document contemplated by the Rules Governing § 2254 cases. Having defaulted the opportunity to file a reply, Finnell has forfeited any arguments he could have made in such a filing.

## Analysis

Respondent construes Ground Five as follows:

    **GROUND Five:** Finnell was deprived of his Sixth and Fourteenth Amendment right to trial by a fair and impartial jury by participation

7

> in deciding the case of three jurors who had contact with Finnell outside the courtroom.
>
> **Supporting Facts**: The alleged "contact" consisted of (1) Jurors A.L. and B.C. overhearing Finnell on the telephone describing both of them or some courthouse personnel in unflattering language (2) Jurors A.L. and B.C. perceiving that Finnell was following them, and (3) Juror M.B.'s complaint to a bailiff that Finnell was staring at her and her inquiring why he was not incarcerated during the trial.

(ECF No. 107, Page ID 5146 & n. 1). Petitioner has not objected to this phrasing.

Respondent raises no affirmative defenses to Ground Five, but defends the convictions on the merits. Specifically, Respondent relies on 28 U.S.C. § 2254(d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

8

To determine whether the state courts decided an issue on the merits, the district court looks to the opinion of "the last state court to issue a reasoned opinion on the issue." *McKnight v. Bobby,* 2024 WL 2186494 (S.D. Ohio May 15, 2024), quoting *Hoffner v. Bradshaw*, 622 F.3d 487, 505 (6th Cir. 2010) (quoting *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005)). In this case, the relevant opinion is that of the First District Court of Appeals in *Finnell III*.

The Sixth Amendment guarantees a criminal defendant a trial by an "impartial jury." Through the Due Process Clause, that requirement is binding on the States. *McDonald v. Chicago*, 561 U.S. 742 (2010), citing *Duncan v. Louisiana*, 391 U.S. 145 (1968). As Petitioner reminds us, jurors must be "indifferent as (they stand) unsworne." *Ristaino v. Ross*, 424 U.S. 589, 596 (1976), citing Coke on Littleton 155b (19th ed. 1832).

To achieve a panel of impartial jurors, our criminal justice system employs the *voir dire* process which, through questioning by the court and counsel, is intended to expose any likely sources of bias in prospective jurors. If the likelihood of actual bias is evidenced by the examination, prospective jurors are excused for cause. If answers in *voir dire* raise questions of implicit bias in the examining attorney's mind, she can exercise one of a number of peremptory excuses without explanation.[1]

Petitioner makes no claim in this case that the panel of twelve jurors who tried his case was not impartial as they were sworn in. Instead he asserts they became biased by contact they had with him outside the courtroom[2] but before the jury reached its verdict. This was the sole issue before the First District Court of Appeals on Finnell's appeal from denial of his motion for new trial. The First District decided that issue as follows:

---

[1] Unless of course the circumstances give rise to an inference that the peremptory challenge is racially discriminatory. *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] In the *Remmer* hearing, Finnell testified that none of the alleged contacts actually occurred.

{¶2} In 2014, following a jury trial on the charges set forth in the indictments under the cases numbered B-1305265B and B-1306715, a jury found Finnell guilty of aggravated burglary with an accompanying gun specification, kidnapping, two counts of having a weapon while under a disability, intimidation of a witness, and receiving stolen property. Prior to being sentenced for these offenses, Finnell filed Crim.R. 33 motions for a new trial under each case number. In support, Finnell alleged that two jurors had committed misconduct by failing to immediately report to the court that they believed Finnell had followed them after the first day of deliberations to intimidate them. He argued that because the jurors did not report this incident until after the verdict had been read and accepted in open court by the trial judge, the court was unable to conduct the required hearing and determine whether this perceived threat had biased the jurors.

{¶3} The trial judge recused himself from considering the new-trial motions. But despite that recusal, the court denied Finnell's motions at the sentencing hearing. On direct appeal, this court affirmed Finnell's convictions but vacated the order denying the new-trial motions and remanded the matter to the presiding judge of the trial court. *State v. Finnell,* 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, appeal not accepted, 145 Ohio St.3d 1445, 2016-Ohio-1596, 48 N.E.3d 583.

{¶4} On remand, Finnell moved to release juror information under seal. The trial court denied that motion but held an evidentiary hearing on the new-trial motions. At the hearing, Finnell testified that as he was leaving the courthouse after the first day of deliberations, he had been standing in the small area by the side door waiting for someone with a security badge to allow him to exit. At the time, he was talking on the phone. When the door was opened, he walked to the front of the courthouse, and waited for his ride. He did not remember seeing any jurors while he was talking on the phone or waiting for his ride home. He further testified that he did not attempt to intimidate, influence, or threaten any of the jurors during the trial. The trial court denied the new-trial motions, and Finnell appealed.

{¶5} We reversed the denial of Finnell's motion to release juror information under seal because his trial counsel had been ineffective in presenting that motion to the court, and we vacated the denial of the new-trial motions and remanded the cause to the trial court. See *State v. Finnell,* 2018-Ohio-564, 106 N.E.3d 285 (1st Dist.). On remand, the juror information was released under seal to counsel only, and eventually, two hearings were held on Finnell's new-trial

motions at which 11 of the 12 jurors testified. Finnell was unable to attend these hearings due to health reasons, and defense counsel waived his presence.

{¶6} The first hearing occurred January 19, 2022, where nine jurors testified. Juror A.L. testified about two incidents with Finnell. In the first incident, she and Juror B.C.,1 had been waiting to pass through courthouse security one morning during trial when Juror A.L. heard someone talking on a cell phone and loudly say, "these F'n bitches." Juror A.L. testified that it made her uncomfortable when she had turned around and realized it was Finnell talking on the phone. She testified that Finnell seemed upset about having to attend court and believed that Finnell could have either been referring to her and the other juror or court personnel when he had said "these F'n bitches." Juror A.L. testified that she reported this incident to the bailiff, and that she began to arrive at the courthouse earlier in the day to avoid Finnell.

{¶7} Next, Juror A.L. testified that she and Juror B.C. had been waiting outside the front of the courthouse after the first day of deliberations for their respective rides home. Juror A.L. was waiting for her daughter and Juror B.C. was waiting for the bus. At that time, Juror A.L. became nervous when she saw Finnell staring at them. Juror A.L. then recalled that Juror B.C. had said that she did not want to return to court for jury duty, but Juror A.L. had encouraged her to do so. Juror A.L. then testified that she called her daughter and instructed her to keep driving and not stop in front of the courthouse. Juror A.L. then began to walk towards the public library, and she testified that Finnell followed her. She recalled entering the library and waiting until Finnell had left the area before instructing her daughter to meet her at the library.

{¶8} Juror A.L. testified that she reported the incident the next day and was instructed not to discuss it with the other jurors until after the verdict. Juror A.L. testified that she followed that instruction. Finally, when asked whether these two incidents influenced her decision to find Finnell guilty, she testified "No," and explained that if the incidents had influenced her in any way, it was only to the extent that she felt she must continue to report for jury duty.

{¶9} The other eight jurors each testified that they did not know about the incidents involving Juror A.L. until after the guilty verdict had been announced in court. Two of these eight jurors also testified as to their own observations of Finnell outside the courtroom: One juror recalled observing Finnell standing in a restaurant near the courthouse "watch[ing]" out the window and another juror testified

11

that he had remembered seeing Finnell outside the courthouse the day Juror B.C. had been waiting for the bus. But both of those jurors testified that they had not shared their observations with others.

{¶10} The second hearing occurred in March 2022, where the remaining two jurors testified. Juror M.B. and Juror R.F. both testified that they remembered hearing about the second incident involving Juror A.L. and Finnell. Juror R.F. stated that he believed that he learned of the incident during deliberations, and Juror M.B. was unsure of when she learned about it but testified that, "I don't think [Juror A.L.] told us after [deliberations]." Juror M.B. also recalled seeing Finnell outside on a lunch break during the trial and thought he might have been staring at her. She testified that she was surprised to see him outside but when she discussed this with the bailiff, she learned that Finnell had been released on bond. She did not tell the other jurors about seeing Finnell during the lunch break and testified that this encounter did not influence her decision to find him guilty of the charged offenses.

{¶11} Finally, both Juror M.B. and Juror R.F. testified that learning about Finnell following Juror A.L. had not influenced their decisions and that each had based his or her decision finding Finnell guilty of the charged offenses solely on the evidence presented at trial.

{¶12} After the hearings, the trial court denied Finnell's new-trial motions, finding that, "The jurors made their findings and decision only on the evidence presented at Defendant's trial." Finnell now appeals.

{¶13} In his single assignment of error, he asserts that the trial court erred by denying his motions for a new trial. We are unpersuaded.

{¶14} This court reviews a lower court's decision to grant or deny a motion for a new trial for an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. To constitute an abuse of discretion, a trial court's decision must be unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980). When applying an abuse-of-discretion standard, "an appellate court is not free to substitute its judgment for that of the trial judge." *State v. Herring*, 94 Ohio St.3d 246, 255, 762 N.E.2d 940 (2002), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶15} Under Crim.R. 33(A)(2), a new trial may be granted based on misconduct of the jury that materially affected the defendant's

substantial rights. Finnell argues that the jurors committed misconduct by failing to inform the trial court, in a timely fashion, of their experiences with Finnell outside of the courtroom. He focuses on the two incidents involving Juror A.L. where she had overheard Finnell complaining about having to be at court and where she had perceived Finnell was following her after the first day of deliberations.

{¶16} When reviewing a motion for new trial based on juror misconduct, an appellate court must conduct a two-tier analysis: (1) determine whether there was juror misconduct and (2) if juror misconduct is found, determine whether it materially affected the defendant's substantial rights. *State v. McGail*, 2021-Ohio-231, 167 N.E.3d 70, ¶ 27 (2d Dist.). Contrary to Finnell's argument, the burden is on the party alleging juror misconduct to establish prejudice. *State v. Adams,* 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 42, citing *Smith v. Phillips*, 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) ("The remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias.").

{¶17} Although Juror A.L. testified that she had reported these incidents to court personnel, Finnell argues that the trial judge was unaware of any outside communication until after the jury verdict had been announced. But even if we presume that there was juror misconduct with respect to the reporting of these incidents, Finnell has not demonstrated that the alleged misconduct prejudicially affected his substantial rights. See id.; see also *State v. Phillips*, 74 Ohio St.3d 72, 88-89, 656 N.E.2d 643 (1995) ("In cases of improper outside juror communication, the defense must establish that the communication biased the juror.").

{¶18} Based on the record before us, Finnell has not demonstrated that the incidents involving Juror A.L., or any other alleged misconduct, biased the jurors such that they were unable to base their decisions to find him guilty of the charged offenses on anything other than the evidence presented at trial. Juror A.L. testified that she had not told the other jurors about the two incidents involving Finnell and that those incidents had not influenced her decision to find Finnell guilty of the charged offenses. The two jurors who claimed to know during deliberations about Finnell following Juror A.L. testified that learning of that incident did not influence their verdicts, and specifically testified that they had based their decisions to find Finnell guilty of the charged offenses only on the evidence presented at trial. Finally, the remaining jurors who had testified

13

confirmed that they were unaware of any incidents involving other jurors and Finnell until after the verdict had been announced.

{¶19} "A trial court may rely upon a juror's testimony as a basis for finding that her impartiality was not affected." See *Herring*, 94 Ohio St.3d at 259, 762 N.E.2d 940. Here, the trial court relied on the testimony of the jurors in finding that they had based their guilty findings solely on the evidence presented at trial, and thus, that each juror's impartiality had not been affected by any outside contact with or observation of Finnell. Because the court's determination is supported by competent, credible evidence in the record, we cannot say that the trial court's denial of Finnell's new-trial motions was unreasonable.

{¶20} In reaching our holding, we keep in mind the Ohio Supreme Court's admonition that " ' * * * [t]he determination of juror bias necessarily involves a judgment on credibility, the basis of which often will not be apparent from an appellate record. *Wainwright v. Witt*, 469 U.S. 412, 421, [105 S.Ct. 844, 83 L.Ed.2d 841] (1985). For this reason, '* * * deference must be paid to the trial judge who sees and hears the juror. Id. at 426.' " *State v. Huertas,* 51 Ohio St.3d 22, 29, 553 N.E.2d 1058 (1990), quoting *State v. DePew*, 38 Ohio St.3d 275, 280, 528 N.E.2d 542 (1988).

{¶21} Additionally, Finnell argues that the length of time it took for the trial court to hold a hearing where the jurors' testimony was considered was in and of itself prejudicial and denied him a fair trial. But Finnell did not raise this argument below, and we may not consider it for the first time on appeal. See *In re B.C.,* 4th Dist. Washington No. 21CA18, 2022-Ohio-1298, ¶ 18 (party may not raise new issues or legal theories for the first time on appeal); see also *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 21 (explaining that defendant forfeited his constitutional challenge by failing to raise it during the trial court proceedings). To the extent that Finnell is also arguing that a post-trial evidentiary hearing is insufficient to determine juror bias, an issue that was raised below, we find that argument unpersuasive. A post-trial evidentiary hearing has been found to be an appropriate remedy in situations like this to determine juror bias or partiality. See *Smith,* 455 U.S. at 218, 102 S.Ct. 940, 71 L.Ed.2d 78 (a post-trial hearing is sufficient to decide juror partiality in both the state and federal courts); see also *McGail,* 2021-Ohio-231, 167 N.E.3d 70 (reviewing a post-verdict evidentiary hearing on juror misconduct).

14

> {¶22} Because we have concluded that the trial court did not abuse its discretion in denying Finnell's new-trial motions, we overrule the single assignment of error. The judgments of the common pleas court are affirmed.

*State v. Finnell,* 2023-Ohio-2563 (Ohio App. 1st Dist., Jul. 26, 2023). The Supreme Court of Ohio declined to exercise jurisdiction over a further appeal. *State v. Finnell*, 172 Ohio St.3d 1461 (2024).

Because the First District's decision is plainly on the merits and the last state court decision on the issue, that decision is entitled to deference under 28 U.S.C. § 2254(d)(1) as enacted by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") unless it is contrary to or an objectively unreasonable application of the holdings of the United States Supreme Court. The First District's findings of fact are likewise entitled to deference unless Petitioner can show they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2).

The burden is on Petitioner to demonstrate either basis for not deferring to the First District's decision. As noted above, Petitioner has forfeited his right to make those showings by failing and refusing to file a reply.

The First District's decision did, however, produce a dissent from Judge Kinsley. Her position is thoughtful although unpersuasive to her colleagues. It also does not persuade the Magistrate Judge that the majority position is unreasonable either in law or on the facts for reasons that follow.

> Judge Kinsley first asserts
>
>> Finnell was convicted by jurors who had already concluded, before they issued their verdict, that he was the kind of person who intimidated people and should be in jail. They made this decision, at least in part, based on events that occurred outside of the courtroom

>and that were therefore never put through the truth-testing process
>of a trial.

She opines that, regardless of their testimony, three of the jurors were implicitly biased against Finnell and voted to convict because of their implicit bias.

This is not "implicit bias" as it is understood in psychology. An implicitly biased person is inclined to decide that because a defendant is part of a suspect group – Black people, Muslims, etc. – it is more likely that he committed the crime of which the State accuses him. See "The Evolving Science of Implicit Bias," Report of the National Center for State Courts (March, 2021) which defines implicit bias as "an attitude, stereotype, or prejudice that a person is unaware of possessing but which may operate automatically to influence thinking or behavior." *Id.* at page 2.[3] In this case, the unfair inference would be that because Finnell attempted to intimidate several of the jurors, he is more probably guilty of the charged crime of intimidating a witness. It is like the inference jurors are likely to make from past misconduct to present guilt. For that reason our criminal justice system radically limits the State's use of past bad acts to convict. The principal guard against implicit bias is vigorous voir dire examination of prospective jurors plus allowance of peremptory challenges. We do not overturn verdicts because a juror may have acted out of an undiscovered implicit bias. Rather, a complaining defendant must prove actual bias. *Smith v. Phillips, supra*. Here nine of the jurors testified at the *Remmer* hearing they had not even heard of the extrajudicial contact, so they did not have the necessary information to trigger any implicit bias of the sort Judge Kinsley suggests. The two jurors who were aware of the contact swore it did not affect their votes to convict and they did not convey information about the contact to their fellow

---

[3] Judge Kinsley cites the National Center for State Courts for her definition of implicit bias but at chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.supremecourt.ohio.gov/sites/specDockets/2019/materials/E6/E6-large.pdf. That source was not available to the undersigned for comparison purposes on August 5, 2024.

jurors. Judge Kinsley's position is that they should not be believed, but we cannot base our decision on speculative facts which are steadfastly denied under oath by the only witnesses who know and were found credible after cross-examination.

Second, to the extent his out-of-court conduct created an impression in the mind of a juror that he was the "kind of person"[4] who intimidates others, if that affected the verdict, it is invited error because it was Finnell's own intentional improper conduct that created that impression. If a defendant bribed a juror for his vote to acquit but the juror then voted to convict, we would not "reward" the bribery by giving the bribing defendant a new trial. But that is precisely what Finnell asks. He argues, at least as Judge Kinsley constructs his argument[5], that some jurors voted to convict because they had extra-judicial evidence of his willingness to intimidate others. But that extrajudicial evidence was provided by Finnell himself.

Judge Kinsley criticizes the procedure used by the Common Pleas Court of having jurors in the *Remmer* hearing testify in one another's presence. She accuses them of "blindly profess[ing]" their impartiality. *Finnell* at ¶ 41. She does not accuse them of lying. Instead she suggests that they, like all of us, may not realize that our prejudices have affected our testimony. But our system of truth determination places credibility findings in the first instance with the judge who hears the live testimony. Here the trial judge found the jurors credible and Judge Kinsley's colleagues accepted that finding. The alternative is to allow psychological speculation to replace judicial factfinding. The latter is required by the law.

The First District majority found that all eleven jurors who testified at the *Remmer* hearing swore that they based their verdict on the evidence alone. The evidence before the trial court was

---

[4] Judge Kinsley's phrase.
[5] Finnell denies he did any of the things the jurors testified he did. Thus he seeks the best of both worlds. Either, he says, I did not do what they accuse me of and am therefore entitled to a new trial or I did what they say and it prejudiced them against me, so I am still entitled to a new trial.

17

unequivocally to that effect. Finnell was represented at the hearing by counsel who was free to attempt to uncover any action spurred by implicit bias. Therefore the First District's decision on the facts is entitled to deference under 28 U.S.C. § 2254(d)(2). It is also entitled to deference on the law because it is a reasonable application of the holding in *Smith v. Phillips*, 455 U.S. 209 (1982), that a defendant complaining of juror misconduct must prove actual bias.

In *Smith* the defendant learned that a juror who had participated in his conviction had, during trial, submitted an application to be an investigator in the prosecuting attorney's office and the prosecutor had withheld this information from the court and defense counsel until after the verdict. The trial court denied a new trial, finding beyond a reasonable doubt that these events did not affect the verdict. On habeas the District Court found there was insufficient evidence of actual bias, but imputed bias to the juror and ordered release in the absence of conviction after a new trial. The Second Circuit did not consider the bias question, but held the prosecutor's withholding information denied defendant due process.

The Supreme Court reversed. It noted that "This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." *Id.* at 215, citing *Remmer v. United States*, 347 U.S. 227 (1954). The Court noted and adhered to its prior rejection of implied bias as a basis for vacating a conviction in *Dennis v. United States*, 339 U.S. 162 (1950), requiring instead proof of actual bias. After additional citations, the Court concluded

> These cases demonstrate that due process does not require a new trial every time a juror has been placed in a potentially compromising situation. Were that the rule, few trials would be constitutionally acceptable. The safeguards of juror impartiality, such as *voir dire* and protective instructions from the trial judge, are not infallible; it is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote. Due process means a jury capable and willing to decide the case solely

18

> on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen. Such determinations may properly be made at a hearing like that ordered in *Remmer* and held in this case.

455 U.S. at 217.

**Conclusion**

The decision of the First District affirming denial of a new trial after a *Remmer* hearing is entitled to deference under 28 U.S.C. § 2254(d)(1) and (d)(2). The Magistrate Judge therefore respectfully recommends the Petition herein be dismissed with prejudice. Although the undersigned disagrees strongly with Judge Kinsley's dissent, I cannot say no reasonable jurist would disagree with this conclusion and therefore recommend Finnell be granted a certificate of appealability on his biased juror claim (Ground Five).

August 6, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such

19

objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #