## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

KYLE FINNELL,

    Petitioner,    :  Case No. 1:17-cv-268

 - vs -           District Judge Douglas R. Cole
               Magistrate Judge Michael R. Merz

TIM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

               :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON GROUND FIVE: JUROR MISCONDUCT

  This habeas corpus case was brought *pro se* by Petitioner Kyle Finnell pursuant to 28 U.S.C. § 2254 to obtain relief from his July 1, 2014, convictions in the Hamilton County Court of Common Pleas in its Cases B-1305265-B and B-1306715 (Petition, ECF No. 7, PageID 46). It is before the Magistrate Judge on Petitioner's Objections (ECF Nos. 271, 273, and 274) to the Report and Recommendations on Ground Five recommending dismissal of that claim with prejudice (the "Report," ECF No. 268) and Respondent's Objections to granting a certificate of appealability (ECF No. 272). District Judge Cole has recommitted the case for consideration of those Objections (ECF No. 275).

  As noted in the Report, the undersigned's Reports and Recommendations on Finnell's first four grounds for relief remain pending for District Judge Cole's decision. No further analysis of those four grounds was offered in the Report, nor is any made here. This Supplemental Report is limited to Ground Five.

1

## Analysis

**Petitioner's First Set of Objections (ECF No. 271)**

Finnell's first set of Objections, received by the Court August 15, 2024[1] is five pages long, but has 173 pages of attachments. It is labeled "Objection to Magstrate [sic] R And R." It does not address the substance of the Report, but complains about how prison officials have interfered with Finnell's right to access the Court. It references the Magistrate Judge's Order at ECF No. 255, but that filing is not an order but a notice from Judge Dinkelacker of the Hamilton County Common Pleas Court of the filing of a redacted transcript of one of the two *Remmer* hearings at issue in this case.

Because this first set of Objections does not raise any issue of substance, it does not require further analysis.

**Petitioner's Second Set of Objections (ECF No. 273)**

Petitioner's second set of Objections were received through the scanner on August 21, 2024, and are labeled "Objection to Opportunity to Traverse." (PageID 8028). Finnell seems to be complaining that despite the Court's orders requiring he be served with the record, he did not receive the complete record until July 2, 2024 (PageID 8029). He then calculates that this would have given him thirty-three days from July 2, 2014, to file his traverse. *Id.*

---

[1] The scanner provided by the Court to Finnell's place of imprisonment produced a date stamp showing transmission August 15, 2024. See PageID 7868.

2

Assuming without deciding that that is the correct way to calculate the due date, that made the traverse due August 4, 2024, which is thirty-three days after July 2, 2024. Finnell neither filed a traverse by that date nor sought an extension of time to do so until **after** the Report was filed; the content of his late request shows he had seen the Report before making the request.

Finnell next reminds the Court that sometimes Congress does not intend enforcement even of express statutory deadlines (ECF No. 273, PageID 8029, citing *Nielsen v. Preap*, 586 U,S, 392 (2019)). The deadline being enforced here is not one created by Congress, but by this Court in attempting to prepare the oldest non-capital habeas corpus case on its docket ripe for decision. Finnell has given no policy reason why the Court should not enforce its deadline for a traverse, which was extended several times.

Finnell then cites *United States v. Bradshaw,* 281 F. 3d 288 (1st Cir. 2002), for a description of the duties of a trial court when a claim of jury taint is made. Nothing in *Bradshaw* suggests any error in the Report. He follows the citation with quotations from the *Remmer*[2] hearing transcripts which show the trial judge did not conduct a *Remmer* hearing immediately upon learning of Finnell's contact with jurors outside the courtroom (ECF No. 273, PageID 8031-33). That would have been a better practice in this case, given that it was hard to find jurors and one of them could not be found. But there is no suggestion in *Bradshaw* or *Remmer* that a defendant is entitled to a mistrial if the hearing is not held immediately.

Finnell next contends he was entitled to twelve impartial jurors, "not jurors who blindly professed impartiality." (ECF No. 273, PageID 8033). That is not what happened here. All twelve jurors were examined in voir dire and Finnell has not suggested they were not impartial as initially sworn; none

---

[2] Any private communication or contact with the jury is presumed prejudicial. If it is alleged that such contact happened, the court must conduct a hearing to determine whether the contact was harmless. *Remmer v. United States*, 347 U.S. 227 (1954); *United States v. Owen,* 426 F.3d 800, 805 (6th Cir. 2005); *United States v. Rigsby*, 45 F.3d 120 (6th Cir. 1995).

3

are accused of failing to disclose some disqualifying information. His claim is that they **became** partial by virtue of his own extra-judicial intimidating conduct. Still they did not "blindly profess impartiality," but were subject to counseled cross-examination of the impact of Finnell's misconduct.

Finnell next complains that he cannot rebut the presumption of correctness in 28 U.S.C. § 2254(d)(2) because the trial judge did not fulfill his duty to make a complete record (ECF No. 273, PageID 8034). He does not identify what is missing from the record or why it prevents him from rebutting the presumption. Nor does he offer any authority for the proposition that the absence of a complete record entitles a defendant to a new trial. It is commonplace that court reporters or videographers may not make a record of some incidental occurrence in the course of a trial. Making certain that the record is complete for purposes of appeal is the responsibility of counsel. There has been no pleaded claim in this case, either in the state courts or this Court, that some defense attorney provided ineffective assistance of trial counsel by not asking a record be made of something.

**Petitioner's Third Set of Objections (ECF No. 274[3])**

Finnell's third set of Objections (ECF No. 274) is 145 pages long but very scatter shot in its presentation. In general Finnell seems to argue, in no particular order and often repeating points, all of the reasons he now believes he should be granted habeas corpus relief, instead of responding to particular findings and recommendations in the Report.

As a preface, however, the Magistrate Judge notes that the failure to file **specific** objections is a waiver of right to review by the District Judge and raise issues on appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Alspugh v. Mcconnell*, 643 F.3d 162, 166 (6th Cir. 2011); *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004); *Mattox v. City of Forest Park*, 183 F.3d 515, 519 (6th Cir.

---

[3] Finnell's Third Set of Objections is labeled as being directed at ECF No. **272,** which is Respondent's Objections to the Report. However, the body of the filing says it is directed to ECF No. 227, Respondent's Supplemental Return of Writ (ECF No. 274, PageID 8037). That document was filed April 12, 2024.

1999); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

> Under the *Walters* rule, only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden*, 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

Additionally, it is obvious from the text of the Objections that Finnell quotes from many judicial opinions without placing the quoted matter in quotation marks or identifying the source. This is fundamentally confusing behavior.  The reader must be careful to distinguish Finnell's own argument from unattributed language adopted from someone else.

This Supplemental Report will respond *seriatim* to specific objections in the order in which they appear in this Third Set of Objections, with the relevant page numbers at the beginning of each response as a sort of index to the Objections.

**(PageID 8037-38)**     Finnell first objects that a court can lose jurisdiction by "failure to complete the court" – as the Sixth Amendment requires (ECF No. 274, PageID 8038, citing *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938)).  In *Johnson* the Supreme Court overturned the conviction of a person whose waiver of counsel was not shown to be knowing, intelligent, and voluntary.  The phrase "complete the court" is used by Justice Black to describe the situation where a person has not been provided with counsel[4].

---

[4] *Johnson* was decided after *Powell v. Alabama*, 287 U.S. 45 (1932), recognized the right to counsel in capital cases,

Finnell uses this phrase a dozen times in this set of Objections, but it has become archaic. It was used in *Johnson* as Finnell uses it in these Objections: to describe a situation in which a trial court loses "jurisdiction" and the federal courts are thereby authorized to grant habeas relief. Tying habeas relief to the loss of jurisdiction was abandoned by the Supreme Court in *Brown v. Allen*, 344 U.S. 443 (1953), where the test became what it is today: is the underling conviction infected with constitutional error?  Although trial by a court with no subject matter jurisdiction under state law – e.g. a felony trial in an Ohio municipal court – is a denial of due process, there is no doubt that the Hamilton County Common Pleas Court had subject matter jurisdiction to try Finnell for the felonies with which he was charged. Moreover, there is no pleaded claim of lack of subject matter jurisdiction and it is not addressed in the Report.

In any event, the Common Pleas Court never "lost jurisdiction" by depriving Finnell of counsel. He had appointed counsel at every stage of the state proceedings and his pending claim is for juror misconduct, not any assertion of ineffective assistance of trial counsel or ineffective assistance of appellate counsel. It is therefore unclear what *Zerbst* has to do with this case.

**(PageID 8038-42)** Finnell next notes that the Common Pleas Judge who tried the case – Judge Metz -- had recused himself but nonetheless initially decided Finnell's motion for new trial. The question of Judge Metz's disqualification is not before this Court because the Hamilton County Court of Appeals, noting Judge Metz's recusal, reversed his denial of the motion for new trial and remanded for consideration by a different judge. *State v. Finnell,* 2015-Ohio-4842, ¶¶ 21-22, 46-47, 77 (Ohio App. 1st Dist. Nov. 25, 2015). Finnell is not entitled to have his conviction overturned when the error regarding Judge Metz's recusal was corrected on appeal. Moreover, Finnell did

---

but before *Gideon v. Wainwright*, 372 U.S. 335 (1963), extended that holding to all felony cases.

not plead Judge Metz's disqualification as a ground for relief and the Report made no recommendation on this subject.

**(PageID 8042-47)** Finnell's next objection appears to be about the refusal of the trial judge on remand to disclose the identity of the jurors to Finnell's counsel because counsel had not advised the court that these jurors could testify about the extra-judicial contact with Finnell. The First District found this was ineffective assistance of trial counsel and reversed with an order that the identities be disclosed. Finnell asserts this was not an adequate remedy for the failure to disclose and that somehow this "failed to complete the court," quoting the archaic language from *Johnson v. Zerbst*. No claim to this effect has ever been made a part of the Petition, despite many opportunities given to Finnell to move to amend. New claims cannot be introduced into a habeas case in the reply (which Finnell, in any event, has never filed), much less in objections to a Report which does not purport to address this issue. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**(PageID 8047-8090)** The next portion of the Objections is devoted to the issue raised by the Fifth Ground for Relief: evaluating claims of juror misconduct. It goes on for thirty pages quoting snippets from the *Remmer* hearing and large chunks of Judge Kinsley's dissent from denial of a new trial. It quotes many time what has become Finnell's new mantra from *Johnson v. Zerbst*: "completing the court." Finnell's implicit argument seems to be that if there is **any** error in administering a jury trial, the defendant is entitled to an unconditional release from imprisonment. But that is not the law. The usual final judgment in favor of a petitioner in any habeas case is

7

conditional: a defendant goes free unless the state courts grant him a new trial or a new appeal.[5]

In this long section of this set of Objections, Finnell argues the juror misconduct claim in general, rather than objecting to specific findings or holdings in the Report. The Report concluded the First District Court of Appeals decided the juror misconduct claim on the merits, which placed the burden on Finnell of showing either unreasonable application of Supreme Court precedent under 28 U.S.C. § 2254(d)(1) or unreasonable determination of facts under § 2254(d)(2)(Report, ECF No. 268, PageID 7810). Finnell does not dispute either of those points of law. Nor does he attempt to show how he has met them. Which Supreme Court holding did the First District unreasonably apply? Which conclusion was grounded on an unreasonable finding of fact?

Finnell injects in this portion of this set of Objections a discursus about equal protection. Btu there has never been a pleaded equal protection claim in the case and in any event a violation of the Equal Protection Clause of the Ohio Constitution would not be cognizable in federal habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

**(PageID 8090-8143)** In this section of the Objections, Finnell cites cases upholding the right to peremptory challenges to jurors, including the right to extensive voir dire to uncover possible biases. Much of the language in this section is repeated from other sections. All of this argument is irrelevant because there is no claim made that Finnell was unable to exercise peremptory challenges or his voir dire rights were infringed upon.

---

[5] The exception would be the double jeopardy bar to retrial if the habeas ground for relief were insufficient evidence.

**(PageID 8143-56)** In this section, Finnell appears to return to the question actually posed in this case: was the verdict returned by a qualified impartial jury? He notes that the involved jurors did not report his extrajudicial contact with them to the trial judge immediately, but he asks this Court to ignore their sworn testimony at the *Remmer* hearing that they based their verdict solely on the evidence, testimony the trial judge and the First District found credible. As a basis for finding it incredible, he relies on a theory of implied bias, but as pointed out in the Report, that theory is not applicable to this case: what was claimed and what must be shown is actual bias[6]. Finnell also makes no response to the point made in the Report that any error was invited error: it was Finnell who engaged in the extrajudicial conduct that he alleges biased some jurors.

**(PageID 8156-69)** In this section Finnell argues he was deprived of Ohio statutory rights which made his trial unfair. No such claim was pleaded nor is such a state statutory claim cognizable in federal habeas corpus. *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

**Respondent's Objections**

In addition to recommending that Finnell's Petition be denied on all Grounds, including Ground Five, the Report recommends granting a certificate of appealability on Ground Five on the basis of Judge Kinsley's dissent on appeal from the *Remmer* decision (Report, ECF No. 268). Respondent has objected to that recommendation ("Respondent's Objections," ECF No. 272) and

---

[6] *Remmer* was abrogated in part by the Supreme Court in *Smith v. Phillips*, which held that the defendant has the burden to show that there has been *actual* prejudice. 455 U.S. 209, 215-17 (1982); *see also United States v. Corrado*, 227 F.3d 528, 536 (6th Cir. 2000) (recognizing that *Smith v. Phillips* changed the *Remmer* rule and placed the burden on the defendant to show actual prejudice from *ex parte* juror communication); *Kowolak v. Scutt,* 712 F. Supp. 2d 657, 691-92 (E.D. Mich. 2010*)* (same).

it is within the scope of Judge Cole's Recommittal Order (ECF No. 275). Respondent's counsel served Respondent's Objections on Petitioner by mail on August 16, 2024 (ECF No. 272, PageID 8027). Petitioner's time to respond expired seventeen[7] days later on September 17, 2024. Petitioner has neither responded nor sought an extension of time to respond.

The undersigned is persuaded his recommendation for a certificate of appealability was in error and it is hereby WITHDRAWN.

The Ohio appellate standard of review on a motion for new trial is whether the lower trial court abused its discretion in either granting or denying the motion. *State v. Schiebel,* 78 Ohio St. 3d 380, ¶ 1 of the syllabus (1990). When deciding whether to reverse the Common Pleas Court's denial of Finnell's motion for new trial, the judges of the First District thus disagreed over whether the trial court had abused its discretion. Abuse of discretion is a strict standard. *Blakemore v. Blakemore,* 5 Ohio St. 3d 217, 219 (1983); *State v. Adams*, 62 Ohio St. 2d 151, 157-158 (1980). While the Magistrate Judge strongly disagreed with Judge Kinsley's application of that standard, I was reluctant to find her disagreement "unreasonable" and thus found the ultimate disagreement to be among "reasonable jurists."

That however is not the test for a certificate of appealability. Rather, the test is whether reasonable jurists would disagree with the outcome of the habeas corpus case. That is, could reasonable jurists disagree over whether the First District's decision was contrary to or an unreasonable application of Supreme Court precedent (28 U.S.C. § 2254(d)(1)) or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding (28 U.S.C. § 2254(d)(2)). As noted in the Report, Judge Kinsley's position is based on an unwillingness to believe the sworn testimony of the eleven jurors who could be found that

---

[7] Fourteen days as provided in Fed.R.Civ.P. 72(b)(2) plus three days because he was served by mail. Fed.R.Civ.P. 6(d).

they based their verdict on the evidence presented. Instead, she would have had the First District impute an unidentified implied bias to jurors in the absence of any evidence to that effect. Implied bias, particularly one untested by voir dire, is not the test in a juror bias case. The Supreme Court requires proof of actual bias. *Smith v. Phillips, supra.* While the ubiquity of implied bias in the general population is a basis for examination of purportedly biased jurors, no such examination occurred here. The question was whether the extrajudicial incidents with Finnell actually biased any juror and they all swore they did. That is the evidence before then trial court and no reasonable jurist would conclude the trial court's denial of the motion for new trial was an unreasonable determination based on the evidence it heard. For that reason, a certificate of appealbility should be denied.

**Conclusion**

Having reviewed the case in light of the objections filed by Finnell and by Respondent, the Magistrate Judge respectfully recommends the Petition, including Ground Five, be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and Petitioner should not be permitted to proceed *in forma pauperis*.

November 18, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #